### 74293. STARGELL v. THE STATE.
(359 SE2d 205)

POPE, Judge.

Alonzo Stargell was convicted of felony theft by shoplifting pursuant to OCGA § 16-8-14 (b) (1) (C) and appeals.

1. Appellant contends that the evidence was insufficient to support the verdict. The evidence submitted by the State showed that appellant and a co-defendant named Anthony Pope entered a K-Mart store in DeKalb County where they were observed by a security officer through a one-way mirror of an upstairs stockroom go through the store to the automotive department. While a sales clerk waited on another customer, appellant took an Audiovox Graphic Equalizer valued at $79.97 from an unlocked display case and placed it on another counter. He and Pope then acquired a shopping cart, put the equalizer in it and walked to the back of the store where they took it out of the box it was packaged in. As they entered the garage area of the store, Pope put the equalizer in the front of his pants and held a sweater over it. Pope and appellant left the store without paying for the equalizer and were met outside by the security agent and his assistant. Pope fled and the equalizer was subsequently recovered in the bushes of a nearby restaurant in the general direction in which he ran. Appellant was arrested.

Appellant testified at trial that when he and Pope entered the K-Mart they went in different directions, Pope to the radio department and he to the jewelry department where he browsed around for about fifteen minutes. When Pope returned, they left the store. Two guys then grabbed appellant, took him back in the store and questioned him, but he did not know what they were talking about. The State introduced evidence of three prior shoplifting offenses perpetrated by appellant in K-Mart stores in DeKalb County to show motive, intent, bent of mind, course of conduct, scheme and identity. Their introduction in evidence was not objected to by appellant nor enumerated as error.

"After reviewing the evidence in the light most favorable to the

prosecution, we find that a rational trier of fact could reasonably have found the essential elements of the offense of theft by shoplifting beyond a reasonable doubt. [Cits.]" *Jenkins v. State*, 172 Ga. App. 715, 716 (324 SE2d 491) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This enumeration is therefore without merit.

2. Appellant complains that his conviction for felony shoplifting under OCGA § 16-8-14 (b) (1) (C) was not authorized. The statute provides that where the subject of the theft is less than $100 in value, the person convicted shall be punished as for a misdemeanor, unless he has previously been convicted three or more times for such offense. The prior convictions must be alleged in the indictment, *Parker v. State*, 170 Ga. App. 295 (1) (316 SE2d 855) (1984), and no conviction may be used for such purpose where an indigent defendant was neither represented by counsel nor waived any right to counsel at the proceedings prior to such conviction. *Baldasar v. Illinois*, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) (1980). Appellant asserts that one of the three convictions under which he was indicted is deficient because it does not show that he was represented by counsel and the record is not clear as to whether he knowingly waived such representation.

The contested conviction was a plea of guilty which contained on its face an "affidavit of defendant prior to entering plea" form reciting, inter alia, that appellant, being duly sworn, averred that he had been advised of his right to be represented by a private attorney or a public defender if eligible, his right to a trial by jury and assistance of counsel, and that the entry of his plea was free and voluntary. This form was signed by appellant and the trial judge. The trial judge whose signature appeared on the guilty plea testified in court that it was his practice in every case in which he took a criminal plea to ask a defendant if he wished to enter the plea, if he were unrepresented by counsel, and to inform the court if he wished to waive counsel. The judge outlined in detail the procedure he used and questions he always asked to determine if the waiver was completely knowledgeable and voluntary, and how he explained all of his rights to a defendant. He testified that if the defendant asked for an attorney, he "routinely appointed public defenders."

Appellant admitted that his signature appeared on the affidavit form waiving his rights, but testified that he did not understand that if he could not afford an attorney one would be appointed to represent him. The trial court in the instant case found that appellant did have notice of his rights in the prior guilty plea, that he knowingly waived his rights and that the plea was entered pursuant to the judge's usual practices as stated in his sworn testimony.

While evidence of a customary procedure may be used to establish compliance with constitutional rights, or the waiver thereof,

"[w]aiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984), and citations. Although a transcript of proceedings is preferable, we conclude that the record of the guilty plea adequately reflects a finding on the part of the trial judge taking the plea that the appellant chose to proceed without a lawyer, and that his choice was made after he was apprised of his right to counsel. *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981). Accord *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350) (1985); *Callahan v. State*, 175 Ga. App. 303 (333 SE2d 179) (1985). Accordingly, we find no ground for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 24, 1987.

Carl P. Greenberg, for appellant.

*Robert E. Wilson, District Attorney, R. Stephen Roberts, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.