A93A0363. DOWDY v. THE STATE.
(432 SE2d 827)

SMITH, Judge.

Gerry Lee Dowdy was tried jointly with a co-defendant and convicted of armed robbery. OCGA § 16-8-41 (a). His motion for new trial was denied.

1. He contends the trial court erred by overruling his objections and denying his motions for mistrial, after the State twice questioned him about the reasons for his initial refusal to give the police his name or address. Dowdy's trial was held on July 14, 1992. Contrary to the State's argument, it is immaterial that Dowdy's silence took place before he was given *Miranda* warnings. *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991). "[I]n criminal cases, a comment upon a defendant's silence . . . is far more prejudicial than probative. . . . [S]uch a comment will not be allowed even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense." Id. The objections should have been sustained.

A motion for mistrial is within the discretion of the trial court. *Richardson v. State*, 199 Ga. App. 10, 12 (403 SE2d 877) (1991). This court will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial is essential to the preservation of

the right to a fair trial. *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982). However, we need not decide here whether the trial court abused its discretion in denying the motion for mistrial because, given the overwhelming nature of the evidence against Dowdy, it is highly probable that the error did not contribute to the verdict. It therefore was harmless. See *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991).

Dowdy testified in his own defense and, although he denied that he knew the robbery would take place, he admitted he was present while a third person accosted the victim and robbed him at gunpoint in a parking lot. He further conceded that when instructed by that third person to pick up the money the victim had thrown down at gunpoint, he did so. This testimony was an admission that Dowdy was a party to the crime of armed robbery by aiding and abetting, OCGA § 16-2-20 (b) (3), and as such, he may be convicted of armed robbery. OCGA § 16-2-20 (a). In addition, the victim testified that he got a good look at the robber in the lit parking lot, and was "100 [percent] sure" that Dowdy was the person who held him at gunpoint. The victim's wallet was found in the car in which Dowdy and his co-defendant were riding when captured.

2. Dowdy contends it was error under *Jones v. State*, 257 Ga. 753, 760 (2) (363 SE2d 529) (1988) to allow the State to introduce into evidence Dowdy's parole documents after Dowdy mentioned his parole. Dowdy testified that he did not tell the police his name and address because they had this information, having taken his parole papers, which were found on his person when he was arrested. *Jones* held only that such an inadvertent statement by the defendant does not place his character in issue within the meaning of OCGA § 24-9-20 (b), and thus certified copies of convictions of other offenses may not be introduced into evidence. It is permissible to explore the parole mentioned, and even the conviction for which he was on parole. Id.

3. In two enumerations, Dowdy contends error by the trial court in considering his prior conviction in aggravation of sentence.

When the State introduced the North Carolina conviction, Dowdy's counsel objected on the ground that the conviction had been entered on a guilty plea that was not knowing and voluntary. The trial court overruled this objection after Dowdy's counsel admitted he was not prepared to make a showing regarding his objection. This was error. "[O]nce the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver." *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986). Although the life sentence imposed is within the statutory limits, see OCGA § 16-8-41 (b), the court relied heavily on the prior offense in imposing the life sentence, and we cannot say

that the error was harmless.

Accordingly, the sentence must be vacated and the case remanded for a resentencing hearing.

*Judgment affirmed in part and vacated and remanded in part. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1993.

*David L. Whitman*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.

