## A94A1751. WARNER v. THE STATE.
(447 SE2d 692)

BIRDSONG, Presiding Judge.

Appellant James Paul Warner pled guilty to one count of profane and abusive language and thirteen misdemeanor counts of theft by taking. The court appointed counsel for appellant. On simultaneous pleas of guilty, the trial court sentenced appellant to 13 consecutive 12-month sentences, $13,000 in fines, and restitution of $1,899. Appellant discharged his court-appointed counsel and secured pro bono counsel, who filed this appeal. He enumerates two errors: that the trial court accepted appellant's guilty pleas without a determination whether his waiver of constitutional rights and his guilty plea were voluntarily and intelligently made, and that he was denied effective assistance of trial counsel.

There is no transcript of the plea proceedings. It is not contended that trial counsel requested the proceedings be recorded. The record consists of accusations of theft by deception, in various amounts, of several persons but contains no other indication of the facts. According to statements in appellant's brief which the State does not suggest are untrue, the judge heard from three victims who testified that a woman called them and said she was their neighbor and had been arrested by DeKalb County; she requested a certain amount of money from the victims and asked them to take the money to a man named "David" at a certain address; she promised she would return the money after she got out of jail; and the victims took the money to the address and gave it to the man named "David," whom they saw for only a few minutes.

Appellant contends he spoke twice, briefly, to his appointed counsel before arraignment; that he never met his appointed counsel until the day of arraignment; that he accepted what he believed was a negotiated plea agreement; that when he realized the judge was not going to follow the negotiated agreement, he asked to withdraw his pleas but the judge refused; that after he was sentenced to what he believed are excessive sentences, he attempted to withdraw his plea but counsel told him this could not be done; that counsel instead filed a motion to modify sentence (which does appear in the record and which was denied). Appellant also contends that trial counsel was ineffective because he did not investigate the charges; he did not interview any of the victims, did not investigate which victims identified appellant to the police or whether any of the victims could identify appellant, and did not investigate or consider any defenses or weakness in the State's case. *Held*:

The burden to establish the validity of a guilty plea is on the State. *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255). There must be an adequate record of a guilty plea hearing, so that an appel-

late court can determine whether (1) the defendant freely and voluntarily entered his plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea. *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26), interpreting *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); see *Scurry*, supra. The record discloses that the only filled-in blanks in any of the "Defendant's Guilty Plea Statements" as to these offenses was the statement that the maximum punishment "allowed by law" is imprisonment for 12 months and $1,000 fine; this statement does not indicate that this sentence applies to each offense, and appellant contends the statement was false and misleading as to some of the offenses. The question on the forms, "Do you understand that the State has promised to recommend a sentence of _____?" is not answered. There are questions on the forms intended to provide the trial court and the appellate court with information as to the voluntariness of the guilty pleas as answered, including whether the defendant understands the charges against him, made a knowing and intelligent waiver of constitutional rights, is under the influence of any drugs or medication, and is satisfied with his attorney's services; whether anyone promised anything, including a lesser sentence, for the guilty plea; and whether he understood that the court did not have to accept the State's recommendation. None of those questions is answered. Although the forms instruct the defendant to circle either "yes" or "no," no such answers are circled.

We conclude that the record on its face fails to show that appellant's guilty pleas were voluntary and that he was cognizant of all his rights and the consequences of his plea. The trial court could not have made that determination on the face of this record. Although the State could have shown the voluntariness of the pleas by extrinsic evidence, the State has not met its burden to prove such evidence. Compare *Robinson v. State*, 212 Ga. App. 613, 615 (1) (442 SE2d 901) with *Peters v. State*, 210 Ga. App. 211 (435 SE2d 731); *Scurry*, supra; *Wood v. State*, 190 Ga. App. 179 (378 SE2d 520). Under the circumstances of this case, including the plea of ineffectiveness of trial counsel, we decline to assume, merely because there is no transcript, that these pleas were voluntary.

We do not hold as a matter of law that appellant's guilty pleas were involuntary, but rather that the trial court could not make that determination on this record. The sentences of the trial court are vacated and the case is remanded for further proceedings, including the proper determination of appellant's plea of ineffective assistance of counsel made on appeal (see *Smith v. State*, 255 Ga. 654 (341 SE2d 5)) and the filing of a motion to withdraw guilty pleas, if such is desired.

*Judgment vacated and case remanded. Blackburn, J., and Sen-*

*ior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 29, 1994.

*Ernestine V. Scott*, for appellant.

*Paul L. Howard, Jr., Solicitor, Oliver E. Murray, Fay I. McCormack, Deborah Espy, Assistant Solicitors*, for appellee.