A96A2256. PARKS v. THE STATE.
(479 SE2d 3)

JOHNSON, Judge.

Ralph Devon Parks, Jr. pled guilty to DUI, then moved to withdraw the plea three days later. He appeals from the trial court's denial of the motion. We reverse.

After Parks was charged with DUI in the City Court of Atlanta, he signed a power of attorney giving his lawyer the right to act for him in pleading not guilty, guilty, or nolo contendere; in signing waivers or plea agreements; in setting court appearance dates; in filing motions; and in handling other procedural matters. On June 19, 1995, in Parks' absence, his lawyer entered a written guilty plea. The plea form contained an "Affidavit of Defendant" in which the defendant was to swear that he had been advised of the nature of the charge

against him, and of his rights to confront witnesses against him, to a jury trial, and against self-incrimination. The form also stated that the plea was made freely and voluntarily. Though the form provided spaces for the signatures of both the defendant and his attorney, only Parks' counsel signed. The court entered an adjudication of guilt and sentence that same day.

On June 22, the same lawyer moved to withdraw Parks' plea. The trial court denied the motion, but failed to include any findings of fact or conclusions of law in its order. Through new appellate counsel, Parks contends the ruling was erroneous because there is no transcript or other evidence to show that the guilty plea was knowing, voluntary, and intelligent.

The state has the burden of proving that a guilty plea was entered freely and voluntarily, with an understanding of the nature of the charges and the consequences of the plea. *Warner v. State*, 214 Ga. App. 343, 344 (447 SE2d 692) (1994). A valid waiver of the federal rights against self-incrimination, to a jury trial, and to confront one's accuser may not be presumed from a silent record. *Boykin v. Alabama*, 395 U. S. 238, 242-243 (89 SC 1709, 23 LE2d 274, 279-280) (1969). When there is no transcript of the plea hearing, however, the state may use extrinsic evidence to carry its burden. *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985). While a defendant has the right to withdraw a guilty plea until judgment is pronounced, afterward the grant or denial of a motion to withdraw a guilty plea is within the trial court's discretion. OCGA § 17-7-93 (b); *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

In this case, we have no transcript of a hearing on the guilty plea or on the motion to withdraw it. The state contends the following evidence, extrinsic to the plea or motion hearings, shows that Parks' plea was knowing, intelligent, and voluntary: (a) Parks signed the power of attorney; (b) Parks was represented by counsel; (c) The plea form signed by Parks' counsel contained an explanation of the rights being waived, and an acknowledgment that the charges and possible punishments had been explained; (d) Parks had "numerous conversations" with his lawyer (this allegation is not substantiated by the record); (e) Parks has not enumerated as error that his counsel was ineffective; (f) Parks is a dentist, which implies that he is well-educated.

While this evidence may show that Parks authorized his attorney to enter a plea on his behalf, it does not show that Parks knew that by pleading guilty he was waiving the three specific federal rights enumerated in *Boykin*, supra, or that he understood the nature of the charges against him or the consequences of his plea. There is no evidence that Parks saw the plea form and affidavit or was otherwise advised of the rights his attorney purported to waive.

We must therefore hold that the trial court abused its discretion in denying Parks' motion to withdraw his plea. "We do not hold as a matter of law that appellant's guilty [plea was] involuntary, but rather that the trial court could not make that determination on this record." *Warner*, supra at 344.

*Judgment reversed. McMurray, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED NOVEMBER 26, 1996.

*Thomas L. Burton, William C. Head*, for appellant.
*Louise T. Hornsby, Solicitor, Steven E. Rosenberg, Assistant Solicitor*, for appellee.