## A97A0905. JONES v. THE STATE.
### (487 SE2d 89)

Johnson, Judge.

After a bench trial, which was not transcribed, the trial judge found Phillip Jones guilty of battery. In this appeal Jones asserts that

the trial court erred in failing to direct a verdict of acquittal when the evidence was insufficient to support the conviction.

As a preliminary matter we note that the trial court could not have directed a verdict of acquittal because there is no verdict in a bench trial. Therefore, even if a motion for a directed verdict was made, such a motion has no meaning when a case is tried without a jury. See *Blair v. State*, 216 Ga. App. 545, 546 (1) (455 SE2d 97) (1995). As pointed out in *Blair*, the issue is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

It is well-settled law that "[w]ithout a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, including pro se appellant[s], to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review." (Citations and punctuation omitted.) *Wright v. State*, 215 Ga. App. 569, 570 (2) (452 SE2d 118) (1994). But Jones argues that the absence of a transcript, or a stipulation submitted pursuant to OCGA § 5-6-41 (g) in lieu of a transcript, is not fatal to this appeal because the prosecutor admitted at the motion for new trial hearing that the police officer was the only witness for the state. An arresting officer's testimony alone, considered in conjunction with Jones' own testimony that he did not commit the crimes, he argues, cannot be sufficient to establish that the crimes were proven beyond a reasonable doubt. We disagree. The court could have properly allowed the investigating officer to testify about what the victim told him when he arrived at the scene of the incident under the res gestae exception to the hearsay rule. The officer could also have testified that he saw injuries sustained by the victim. And, even if we accept Jones' assertion that he denied committing the crimes of simple battery at trial, the relative credibility of witnesses and the weight to be given the various evidence is exclusively an issue for resolution by the factfinder. We simply cannot agree with Jones that there is no way that the state could have proved its case with only the testimony of the investigating police officer. Because we are unable to review the evidence presented at trial we must assume as a matter of law that the evidence heard by the trial judge was sufficient to support the convictions.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 16, 1997 —
RECONSIDERATION DENIED MAY 30, 1997 — 
 Before Judge Porter.
*Garland B. Cook, Jr.*, for appellant.

■■■■■■■■■■■■■

*Carmen Smith, Solicitor, Karlise Y. Grier, Allison L. Byrd, Assistant Solicitors,* for appellee.