### S98A0733. KNIGHT v. SIKES.
(504 SE2d 686)

FLETCHER, Presiding Justice.

Keith Knight filed a habeas corpus petition contending that his guilty plea on two misdemeanor counts was not knowingly, intelli-

gently, and voluntarily entered. The habeas court denied the petition. Because the record reveals that the trial court failed to advise Knight of the rights he was relinquishing by pleading guilty, we reverse.

Knight was arrested on two warrants, each charging him with obstruction of an officer. He initially entered a not guilty plea. On the morning of April 22, 1996, he changed his plea to guilty after the state agreed to a probated sentence. Knight's probation officer objected to the sentence, however, and the state withdrew the offer. During the negotiations, Knight had been assisted by counsel he knew and who had been at the courthouse by chance that day. At a plea hearing later that day, counsel and the court engaged in a lengthy discussion regarding the representation and counsel finally agreed that he would represent Knight without charge during the plea hearing.

A police officer testified that the charges stemmed from Knight's running from the officer following arrest. The officer testified that he saw Knight early one evening in a neighborhood known for drug dealing. The officer yelled at Knight to come to him "for his sake to get him from down there," but Knight ran away. Later that same evening, this officer and another officer stopped a car in which Knight was a passenger. They arrested Knight for obstruction because of the earlier incident. However, as one officer was attempting to place Knight in the back of the police car, Knight broke free and ran away. While the officers were still at the scene, they spied Knight and called to him again, and he ran again. The sheriff, without being sworn as a witness, added that Knight had run from him 12 or 15 times. Knight's counsel also volunteered, "[T]he Sheriff is right about him running a large number of times."

The trial court then sentenced Knight to two consecutive 12 month terms in prison. Immediately after the imposition of sentence, the following colloquy occurred:

Knight: "Sir, may I ask a question?"
Court: "Yes sir."
Knight: "On this paper this agreement when it was signed wasn't that a legal document to the agreement. I mean — you know.'"
Court: "What legal document?"
Knight: "The papers I signed to be given probation, sir. . . .'"
Court: "Well are you guilty or not guilty?"
Knight: "Sir I'd rather really not plead not guilty if I'm gone — I mean —"
Court: "This is the sentence of the Court. You can appeal it if you want to. Take him away sheriff."

1. In *Bowers v. Moore*[1] and *Boykin v. Alabama*,[2] this Court and the United States Supreme Court have emphasized the importance of establishing on the record that a guilty plea is entered knowingly, voluntarily, and intelligently. In accepting a guilty plea, the trial court must confirm that the defendant "has a full understanding of what the plea connotes and of its consequences."[3] The trial court has the duty of ensuring that the defendant understands the constitutional rights being waived.[4] Underscoring the importance of a knowing, voluntary, and intelligent guilty plea, Uniform Superior Court Rule 33.8[5] is specific in its instructions to trial courts accepting a guilty plea. This rule directs a trial court to assure itself that the defendant understands the nature of the charges and to inform the defendant on the record of the rights he is waiving by pleading guilty: the presumption of innocence, and the right to a jury trial, to confront witnesses, to subpoena witnesses, to testify and offer other evidence, to obtain assistance of counsel, and to not incriminate oneself.

2. In a habeas proceeding, the state bears the burden of establishing that the plea was knowingly, voluntarily and intelligently made.[6] Unless the state affirmatively shows either through the plea transcript or extrinsic evidence that the defendant understood his rights and made a knowing waiver of them, the state fails to sustain its burden.[7]

After reviewing the record, we conclude that the state failed to satisfy this burden. The plea transcript reveals that the trial court did not inform Knight of any of the rights being waived by pleading guilty. Additionally, the accusations that reflect Knight's guilty plea lack a full statement of the rights being waived. The printed form states only that defendant is waiving "formal arrangements [sic] and 3-day advance notice thereof," a copy of the "accustaion" [sic], a list of witnesses, trial by jury, and benefit of counsel. The form does not link the waiver to a plea of guilty. In fact, Knight's original plea of not guilty and his signature appear on this exact form just above the guilty plea. Under these circumstances, this form does not demonstrate that Knight understood his rights and made a knowing waiver of them. Finally, the testimony of counsel who represented Knight is insufficient to meet the state's burden. Counsel testified that he spoke with Knight only very briefly before representing him at the

---

[1] 266 Ga. 893, 894 (471 SE2d 869) (1996).

[2] 395 U.S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[3] *Boykin*, 395 U.S. at 243-244.

[4] *Bowers*, 266 Ga. at 895.

[5] The plea was taken in Toombs County State Court. Uniform State Court Rule 33.11 specifically provides that Superior Court Rule 33.8 is applicable in state court.

[6] *Bowers*, 266 Ga. at 895.

[7] Id.

plea hearing and that he could not state that he had informed Knight of his constitutional rights. The plea transcript itself reveals that he and Knight did not have an attorney-client relationship until the plea hearing was already underway; therefore, counsel's testimony regarding his usual practice with clients does not provide evidence from which the court could find that counsel informed Knight of his rights.

In finding that Knight's plea was knowing and voluntary, the court below relied on counsel's testimony that he told Knight he could withdraw his plea and have a jury trial. Counsel's informing Knight of this single right does not remedy the failure of the trial court to inform him of the rights to which he was entitled upon a plea of not guilty because it is the *trial court's* duty to ensure that the defendant understands the rights being waived.[8] Furthermore, as *Bowers*, *Boykin*, and Rule 33.8 make clear, "a full understanding of what the plea connotes and its consequences"[9] encompasses more than the right to withdraw the plea.[10] Because there is simply no evidence that Knight fully understood the constitutional rights he was waiving by pleading guilty, we are constrained to conclude that Knight's guilty pleas were neither knowing, intelligent, nor voluntary.

3. Because we are reversing the habeas court, we need not address Knight's contention that his counsel was ineffective.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*William G. Snider, Craig L. Cascio,* for appellant.
*Thurbert E. Baker, Attorney General, Beth Attaway, Angelica M. Woo, Assistant Attorneys General,* for appellee.

---

[8] *Bowers*, 266 Ga. at 895.
[9] *Boykin*, 295 U.S. at 243-244.
[10] See id. and *Bowers*, 266 Ga. at 895.