## S98G1663. NASH v. THE STATE.
(519 SE2d 893)

HUNSTEIN, Justice.

A jury found Nash guilty of aggravated assault. At his sentencing hearing, the State introduced for purposes of recidivist punishment, see OCGA § 17-10-7, a certified copy of a guilty plea Nash had entered to a prior felony. Nash objected to the admission of the guilty plea on the ground that the plea had not been entered into knowingly and voluntarily. See *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The State was not able to produce the transcript of the earlier plea hearing and instead adduced the testimony of the prosecutor, present when Nash pled guilty, that it was the usual practice of that trial court to accept only those guilty pleas that were knowingly and voluntarily entered. Nash was sentenced as a recidivist and appealed his conviction to the Court of Appeals, which affirmed. *Nash v. State*, 233 Ga. App. 75 (503 SE2d 23) (1998). We granted certiorari to consider whether *Parke v. Raley*, 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992) applies to collateral attacks on final judgments in Georgia so as to place the burden of production on the recidivism defendant rather than the State when the defendant seeks under *Boykin v. Alabama*, supra, to challenge the validity of a prior guilty plea used to enhance a sentence pursuant to OCGA § 17-10-7 (a). While we recognize that our opinion in *Pope v. State*, 256 Ga. 195 (17) (345 SE2d 831) (1986) represented the controlling case law on this issue, this Court now overrules *Pope* to follow *Parke v. Raley* in holding that the burden in non-death penalty cases is on the recidivism defendant rather than the State to prove by a preponderance of the evidence that a previous guilty plea was not knowingly and voluntarily entered.[1]

In *Boykin v. Alabama*, supra, 395 U. S. at 242, the United States Supreme Court held that a silent record cannot be used to establish that a guilty plea was knowingly and voluntarily made and that the

---

[1] *Pope* remains the controlling authority as to the admission of guilty pleas in the sentencing phase of death penalty cases.

burden rested on the State to "spread on the record the prerequisites of a valid waiver" of the important rights implicated by a defendant's plea of guilty. *Boykin*, however, involved the direct appeal the defendant filed from the guilty plea conviction itself.

In an attempt to comply with *Boykin*, this Court held in *Pope v. State*, 256 Ga. at 209 (17), in regard to the sentencing phases of death penalty trials, that

> [a] plea of guilty that is invalid under *Boykin* may not be used to enhance punishment in a subsequent trial. . . . [W]e conclude that once the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver.

Subsequent to *Pope*, the United States Supreme Court rendered its opinion in *Parke v. Raley*, supra, addressing the question whether due process permitted Kentucky to place the burden of proof on recidivism defendants to attack previous convictions based on guilty pleas as invalid under *Boykin*, supra. The *Parke* Court, however, found *Boykin* inapplicable in such collateral proceedings. The *Parke* Court held that

> *Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. [Raley], however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import *Boykin*'s presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights. [Cit.]

Id. at 29. Looking to state courts' established practice of nearly a quarter century's duration in utilizing the *Boykin* colloquies in guilty plea proceedings, id. at 30, the *Parke* Court determined there was no reason to suspend the presumption of regularity in such proceedings, stating that it "defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights." Id. at 30. Thus, the *Parke* Court concluded that "[i]n this situation, *Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." Id.

Accordingly, the *Parke* Court recognized that "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes

it appropriate to assign a proof burden to the defendant. [Cit.]" Id. at 31. The Court conducted a survey of practices among the state courts and found that they allocated proof burdens differently, with some placing the full burden on the prosecution, some assigning the entire burden to the defendant once the government has established the fact of conviction, and others taking a "middle ground," namely, one that "requires the defendant to produce evidence of invalidity once the fact of conviction is proved but that shifts the burden back to the prosecution once the defendant satisfies his burden of production. [Cits.]" Id. at 33. The *Parke* Court did not find any of these practices constitutionally infirm, id. at 33-34, and concluded by holding that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under *Boykin*." Id. at 34.

In the years since *Parke v. Raley* was rendered, this Court has repeatedly applied and reaffirmed our holding in *Pope v. State*, supra, but always in the context of the sentencing phase of a death penalty case. See, e.g., *Mize v. State*, 269 Ga. 646 (15) (501 SE2d 219) (1998) (State has burden of proving a valid waiver before conviction may be used in aggravation of sentence during the sentencing phase of death penalty case); *Waldrip v. State*, 267 Ga. 739 (21) (482 SE2d 299) (1997) (guilty plea convictions were adequate on their face to prove voluntariness; misstatement by prosecutor regarding who had burden of proving voluntariness of guilty plea conviction was properly cured by trial court's instruction that burden of proof rests with State); *Bright v. State*, 265 Ga. 265 (20) (455 SE2d 37) (1995) (citing *Pope*, supra, holds that failure to object waived any problem with State's proving the voluntariness of collateral guilty plea convictions); *Spencer v. State*, 260 Ga. 640 (10) (398 SE2d 179) (1990) (voluntariness of plea could be determined from evidence adduced by State although no *Pope* objection had been raised to admission of plea); *Potts v. State*, 259 Ga. 96 (14) (376 SE2d 851) (1989) (in absence of trial transcript, requirement of *Pope* satisfied by testimony of witnesses from original trial to prove commission of crime). Since *Parke v. Raley* was rendered, the Court of Appeals has also correctly followed the controlling authority *Pope* represented in cases such as *Postell v. State*, 233 Ga. App. 800 (3) (505 SE2d 782) (1998), decided 11 weeks after *Nash*, supra; *Manker v. State*, 223 Ga. App. 3 (5) (476 SE2d 785) (1996); *Dowdy v. State*, 209 Ga. App. 95 (3) (432 SE2d 827) (1993).

The appeal in *Nash* presents this Court with the first opportunity to consider the application of our holding in *Pope* to non-death penalty cases in light of *Parke v. Raley*. Because *Parke* holds that *Boykin* does not require that the entire burden be placed on the State in sentence enhancement proceedings and because our present sys-

tem of placing the entire burden on the State, as exemplified in *Pope,* fails to give any presumption of regularity to a final conviction used in proceedings to enhance a sentence pursuant to OCGA § 17-10-7 (a), we today overrule *Pope* and conclude that the burden of production is on the recidivism defendant rather than the State when the defendant seeks under *Boykin v. Alabama,* supra, to challenge the validity of a prior guilty plea used to enhance a sentence in such proceedings. See *State v. Shelton,* 621 S2d 769, 779 (La. 1993).

In concluding that the recidivism defendant carries the burden of production in a collateral attack on a final judgment, we follow *Parke v. Raley* in relying on the presumption, long recognized in Georgia, in favor of the regularity and legality of all proceedings in the courts below. *Grinad v. State,* 34 Ga. 270, hn. 1 (1866). See also *Bridges v. State,* 227 Ga. 24 (2) (178 SE2d 861) (1970); *Newton v. Newton,* 222 Ga. 175 (149 SE2d 128) (1966); *Jones v. State,* 226 Ga. App. 608 (487 SE2d 89) (1997). We also recognize the well-established practice by our State courts in utilizing the *Boykin* colloquies, see Uniform Superior Court Rules 33.7, 33.8, 33.9, 33.11, as well as our appellate courts' strict enforcement of those practices. See, e.g., *King v. State,* 270 Ga. 367 (509 SE2d 32) (1998); *Knight v. Sikes,* 269 Ga. 814 (504 SE2d 686) (1998). Given the presumption of regularity together with the conscientious application of *Boykin* in guilty plea proceedings, we agree with the *Parke* Court that it "defies logic" to presume that a defendant was not advised of his rights from the mere unavailability of a transcript, id., 506 U. S. at 30, and thus we conclude that *Boykin* does not prohibit the courts of Georgia from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained. *Parke,* supra, 506 U. S. at 30.

This determination requires us to revise our previous scheme regarding the allocation of burdens of proof. In determining what burden of proof to impose, we have surveyed the foreign jurisdictions reviewed by the U. S. Supreme Court and more recent holdings. See, e.g., *State v. Payne,* 504 SE2d 335, 338 (S.C.App. 1998); *People v. Carpentier,* 521 NW2d 195 (IV) (Mich. 1994); *James v. Commonwealth,* 446 SE2d 900, 904 (Va.App. 1994); *State v. Shelton,* supra, 621 S2d at 779 (La. 1993); *Fairbanks v. State,* 629 A2d 63 (Md. 1993); *State v. Triptow,* 770 P2d 146, 149 (Utah 1989). We find most persuasive and consonant with Georgia law the "middle position," which "requires the defendant to produce evidence of invalidity once the fact of conviction is proved but that shifts the burden back to the prosecution once the defendant satisfies his burden of production. [Cits.]" *Parke,* supra, 506 U. S. at 33. This procedure most realistically balances the various policies at issue, in that on one hand it gives effect to the presumption of regularity while fully protecting the defendant's right to

counsel, and on the other hand it recognizes that in establishing a *Boykin* violation "the defendant is the one best situated to know" whether his or her rights were infringed in the earlier proceedings. *State v. Triptow*, supra, 770 P2d at 149. Accordingly, we hold that the burden is on the State to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted. See *Nichols v. United States*, 511 U. S. 738 (114 SC 1921, 128 LE2d 745) (1994); *Burgett v. Texas*, 389 U. S. 109 (88 SC 258, 19 LE2d 319) (1967); see also *Fairbanks v. State*, supra, 629 A2d at 68 (State carries burden of proving counseled plea by adducing "a docket entry or other affirmative statement that the defendant waived the right to counsel. If the record does not so show, the State bears the burden of showing waiver"). Upon such a showing, the presumption of regularity is then applied and the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. "Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence." *State v. Shelton*, supra, 621 S2d at 779, fn. 24. "A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient." *James v. Commonwealth*, supra, 446 SE2d at 904. If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the State.

> The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, . . . the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights.

*State v. Shelton*, supra, 621 S2d at 779-780.

Although the Court of Appeals failed to follow the controlling authority of *Pope v. State*, supra, 256 Ga. at 195 (17), for the reasons set forth above we affirm its application of *Parke v. Raley*. However, reviewing the record in light of the procedure we have adopted, we

find that while the State in this case has submitted sufficient proof of the existence of the prior guilty plea and that the defendant was represented by counsel at the time it was taken, the parties were operating under *Pope* and thus no evidence was adduced by Nash to carry his burden of proving a constitutional infirmity in the earlier plea. Accordingly, we remand this case to allow Nash an opportunity to attempt to meet his burden of production at a hearing to be held consistent with this opinion.

*Judgment affirmed in part, remanded in part. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who concur specially.*

BENHAM, Chief Justice, concurring specially.

At the sentencing hearing following appellant's conviction for aggravated assault, the trial court ruled that the State had carried its burden of establishing that appellant's prior guilty plea, proffered by the State to enhance appellant's punishment for the aggravated assault, was knowing, intelligent and voluntary. The State had presented extrinsic evidence at the sentencing hearing instead of submitting a copy of the transcript of appellant's guilty plea hearing. That evidence consisted of appellant's signed guilty plea and the testimony of the assistant district attorney who had signed the guilty plea and had been present at the guilty plea. He testified that, while he could not recall the specific details of appellant's guilty plea hearing, he had never signed a guilty plea form during his 11 years of practice before the judge who took the plea unless the pleader had been informed of his rights and knowingly and voluntarily waived them, and that it was the judge's practice of ensuring that the pleading defendant was aware of the possible consequences of a guilty plea and was aware of and waived his constitutional rights. Sworn testimony of a customary procedure may be used to establish compliance with constitutional rights or waiver thereof (*Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984); *Stargell v. State*, 183 Ga. App. 434 (2) (359 SE2d 205) (1987)), and the assistant district attorney's testimony was sufficient to establish that appellant had been advised of his rights and knowingly and voluntarily waived them and entered a guilty plea. Since the trial court's ruling and supporting rationale were correct, I would affirm the judgment entered by the trial court.

Neither the Court of Appeals nor the majority has determined that the trial court erred in its finding that the State had carried its burden. Instead, the Court of Appeals took upon itself the task of disregarding the controlling precedents of this State's jurisprudence in favor of the "controlling authority" it purportedly found in *Parke v. Raley*, 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992), a U. S. Supreme Court case involving a constitutional challenge to a differ-

ent allocation of burden of proof established by the Commonwealth of Kentucky. *Nash v. State*, 233 Ga. App. 75 (503 SE2d 23) (1998). In its opinion, the majority queries whether the U. S. Supreme Court case applies to collateral attacks on final judgments in Georgia and overrules Georgia precedent in order that it might "follow *Parke*." I disagree with both the implication that *Parke v. Raley* controls, and the result reached by applying *Parke* to Georgia cases involving enhanced punishment.

In Kentucky, a "persistent felony offender" who contests the use of a prior conviction based on a guilty plea to increase punishment has the burden of producing evidence that the guilty plea was not valid under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The U. S. Supreme Court ruled in *Parke v. Raley*, supra, 506 U. S. 20, that the Kentucky scheme did not violate the Due Process Clause of the U. S. Constitution. In contrast to Kentucky, the State of Georgia places on the State the burden of establishing the validity of guilty-plea-based prior convictions proffered by the State to enhance a recidivist defendant's sentence. *Pope v. State*, 256 Ga. 195 (17) (345 SE2d 831) (1986). Such an allocation of the burden was not ruled unconstitutional, explicitly or implicitly, by the *Parke* decision. In fact, the Supreme Court expressly stated it was faced with the narrow question of "whether due process permits Kentucky to employ its particular burden-of-proof scheme . . .[,]" and noted its willingness to uphold against due process challenges a variety of state procedures for the implementation of recidivism statutes, emphasizing that tolerance for a spectrum of state procedures dealing with recidivism "is especially appropriate. . . ." *Parke v. Raley*, supra, 506 U. S. at 27-28. Thus, it is very clear that we are not facing a situation in which Georgia must change its ways because it has a procedure or statute similar to that of another State whose procedure or statute has been declared unconstitutional by the U. S. Supreme Court. See, e.g., *Reich v. Collins*, 262 Ga. 625 (422 SE2d 846) (1992), vacated, 509 U. S. 918 (113 SC 3028, 125 LE2d 717), 263 Ga. 602 (437 SE2d 320) (1993); *James B. Beam Distilling Co. v. State of Ga.*, 259 Ga. 363 (382 SE2d 95 (1989), rev'd 501 U. S. 529 (111 SC 2439, 115 LE2d 481) (1991).

While *Parke* neither controls nor purports to control the manner in which Georgia allocates the burden of proof of the validity of a prior guilty plea used to enhance punishment, issues discussed by the U. S. Supreme Court in its opinion in *Parke* are worthy of consideration should we be faced with a case in which we must decide whether our allocation of the burden of proof is appropriate. In such a case, we would take into consideration circumstances as they exist in Georgia, much as *Parke* recognized the practices and procedures in place in Kentucky (see *Parke v. Raley*, supra, 506 U. S. at 30);

examine the "presumption of regularity" which Georgia attaches to final judgments; and then balance the competing considerations.

The majority jettisons our burden-of-proof allocation because of the Supreme Court's ruling in *Parke* and because our system purportedly fails to give any presumption of regularity to a final conviction used to enhance punishment pursuant to OCGA § 17-10-7 (a). Maj. Op., pp. 283-284. As I have already noted, *Parke* is in no way controlling precedent in the case before us. Accordingly, I turn my attention to the "presumption of regularity" which should be afforded guilty plea convictions. Both the majority and the Supreme Court recognize that the presumption of regularity plays a role when "there [is] no good reason to suspend the presumption. . . ." *Parke v. Raley*, supra, 506 U. S. at 30; Maj. Op., p. 282. I believe there are several reasons, some unique to Georgia, which authorize the suspension of the presumption when we are dealing with guilty plea convictions used to enhance punishment.

Georgia requires the making and preservation of a verbatim record of the proceeding at which a defendant pleads guilty (Uniform Superior Court Rule 33.11; *King v. State*, 270 Ga. 367 (509 SE2d 32) (1998)); expressly sets out what information must be given a defendant before a guilty plea is entered (USCR 33.8); requires an on-the-record presentation of a factual basis for the plea (USCR 33.9); and a judicial determination that the plea is voluntary (USCR 33.7). Yet, despite all these mandatory precautions, we do not have a system which ensures that all guilty pleas are knowingly, intelligently, and voluntarily entered. See, e.g., *Knight v. Sikes*, 269 Ga. 814 (504 SE2d 686) (1998); *Wharton v. Henry*, 266 Ga. 557 (469 SE2d 27) (1996); *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995); *Green v. State*, 265 Ga. 263 (454 SE2d 466) (1995); *Woody v. State*, 229 Ga. App. 823 (494 SE2d 685) (1997); *Johnson v. State*, 227 Ga. App. 390 (489 SE2d 138) (1997); *Parks v. State*, 223 Ga. App. 694 (479 SE2d 3) (1996). In light of the appellate case law evidencing that we have not been entirely successful in our efforts to ensure that a defendant pleading guilty is informed of all rights and executes a knowing, intelligent, and voluntary waiver thereof, I question whether it " 'defies logic' to presume that a defendant was not advised of his rights from the mere unavailability of a transcript." Maj. Op., p. 284. Second, the statutory presumption in favor of an unreversed judgment, found in OCGA § 24-4-24 (b) (1), is an estoppel and "[e]stoppels are not generally favored" in Georgia. OCGA § 24-4-24 (a). We do not employ a presumption of regularity in habeas corpus petitions involving guilty plea convictions (*Knight v. Sikes*, supra, 269 Ga. 814) and in enhanced punishment hearings where the defendant contends he was without counsel and did not waive that right when he pled guilty (Maj. Op., p. 285). Lastly, it is my belief that the finality of a judg-

ment entered on a guilty plea is not at risk when a sentencing court determines that it will not consider that judgment for sentencing enhancement because it has not been established that the plea was knowingly, intelligently, and voluntarily entered. The sentencing court's determination in no way interferes with the finality of the judgment entered therein — it does not reverse or vacate the judgment of conviction based on the guilty plea; rather it is merely an evidentiary ruling that causes the court so finding to refrain from using that conviction on that particular occasion.

From a practical point, it is appropriate that the State shoulder the burden of establishing the validity of the guilty plea conviction proffered by the State to support the State's request that the defendant be punished as a recidivist. Since the State is the party which decides to pursue recidivist punishment and selects which of the defendant's prior convictions it is going to rely upon to have the defendant's sentence enhanced (OCGA §§ 17-10-7; 17-10-2 (a)), it is rational and logical to have the State, as the proponent of the evidence, verify that its evidence may be used legitimately for this purpose. A conscientious prosecuting attorney who selects a guilty-plea-based prior conviction as the means of supporting enhancement of a defendant's punishment will ensure that proof is at hand to establish that the plea was knowingly, intelligently, and voluntarily entered. In fact, even under Kentucky's burden-of-proof allocation, the State must initially present a certified copy of a judgment of conviction and be prepared "affirmatively to show that the underlying judgment was entered in a manner that did, in fact, protect the defendant's rights." *Parke v. Raley*, supra, 506 U. S. at 24. Putting the burden on the defendant to also make a showing results in a duplication of the effort the prosecutor has already expended and results in an unnecessary stretching of precious judicial resources. Furthermore, in the 13 years since this Court placed the burden of establishing the validity of a prior guilty plea used to enhance punishment on the State, the State has shouldered the burden well. I see no need to exercise judicial fiat to embark on an experiment to see if criminal defendants, most of whom are indigent, are equally capable of carrying the burden.

I question the practical application in Georgia of the Kentucky procedure endorsed by the majority. The majority requires a defendant to produce affirmative evidence by means of a transcript of the guilty plea, testimony regarding the taking of the plea, or other affirmative evidence, but warns that the " 'mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient.' " Maj. Op., p. 285. In Georgia, it has long been appropriate to grant habeas relief, despite the presumption of regularity, based on the testimony, corroborated or not, of the con-

victed defendant. *Balkcom v. Williams*, 220 Ga. 359 (1) (138 SE2d 873) (1964); *Balkcom v. Vickers*, 220 Ga. 345 (1) (138 SE2d 868) (1964); *Balkcom v. Turner*, 217 Ga. 610 (123 SE2d 918) (1962). In light of these Georgia precedents, the testimony of a defendant who challenges the use of a prior guilty plea should also be sufficient to serve as a basis for rebutting the presumption of regularity.

Lastly, I question the practicality of setting out a new procedure for our trial courts without discussing the ramifications that state constitutional guarantees might have. The majority's failure to address state constitutional grounds in the case at bar is understandable given that the issue was raised only by the State's argument on appeal that, though it met its burden of proof regarding the prior guilty plea, it should not have had to shoulder that burden.[2] As the protections afforded a defendant under the Georgia Constitution have not been articulated or explored in this case, "tinkering" with the majority's new procedure may be required in the future.

In conclusion, I endorse only that portion of the majority opinion which affirms the trial court's determination that appellant's prior guilty plea conviction could be used to enhance his sentence. For the reasons stated herein, I cannot embrace either the Court of Appeals' or the majority's decision to abandon Georgia precedent in favor of a U. S. Supreme Court ruling that dealt with a different attack on another state's different procedure. Accordingly, I would order the Court of Appeals to vacate that portion of its opinion which extends beyond affirming the trial court's ruling appealed by appellant.

I am authorized to state that Presiding Justice Fletcher joins this special concurrence.

SEARS, Justice, concurring specially.

I concur with much of what Chief Justice Benham writes in his special concurrence, most especially that as a matter of principle and practicality, it should remain incumbent upon the State to carry the burden of establishing the validity of guilty-plea based prior convictions proffered by the State as evidence that a recidivist defendant's sentence should be enhanced.

DECIDED JULY 6, 1999.

*Pete & Associates, Anthony T. Pete,* for appellant.

---

[2] Query whether the State's complaint is, in reality, a contention that the trial court erred in requiring it to carry the burden of proof. If it is, I question whether this Court is authorized to address the issue in the absence of a cross-appeal.

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney,* for appellee.