## A02A1953. COLLINS v. THE STATE.
### (574 SE2d 423)

MIKELL, Judge.

After a jury trial, Terry Collins was convicted of three counts of forgery in the first degree. On appeal, Collins challenges the sufficiency of the evidence as to his intent to commit the crimes. Collins also argues that the trial court erred by admitting certified copies of his prior convictions because there was no waiver of his constitutional rights on the face of the certified copies. We affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.[1]

Construed to support the verdict, the evidence shows that Edna Calloway's purse was stolen from the bed of her truck while it was parked at a local store on the morning of December 3, 1998. Calloway's purse contained checkbooks for two different bank accounts. After calling 911, she cancelled both accounts.

Mary L. Goolsby, a teller at one of the banks at which Calloway had an account, testified that at 11:38 a.m. on December 3, 1998, Collins came to her window with a check made payable to him from Calloway's account. After checking Collins's identification card and veri-

---

[1] (Citations and punctuation omitted.) *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

fying that the signature on the back of the check matched the signature on his card, Goolsby cashed the check.

Amy Sheridan, the teller at the other bank at which Calloway had an account, testified that she was presented with a check on December 3, 1998, that she did not cash because she "noticed that the signature didn't look exactly right." Sheridan went to the book-keeping department to look at some of Calloway's previous signatures. There she learned that the check had been stolen. When she returned to her window, Collins was gone. Sheridan and the bank's auditor called the police and printed pictures of Collins from the bank's surveillance videotape.

The next day, Collins presented another of Calloway's checks at a different branch of the bank where he cashed the first check. The teller recognized Calloway's name and knew that the check was stolen. The teller testified that she alerted the branch manager, who called the police. Collins left without cashing the check, and the police detained him outside of the bank after the branch manager pointed him out.

Officer Donald Eckert testified that as he handcuffed Collins, Collins denied doing anything wrong and told the officer to arrest the man who was with Collins, Derrick Turner. Another officer saw Turner throw a checkbook in the trash, which he retrieved and determined was Calloway's. Turner was arrested and charged with theft by receiving. After Officer Eckert read Collins his *Miranda* rights, Collins told the officer that Turner told him to fill out the checks, sign them, and cash them.

1. Pursuant to OCGA § 16-9-1 (a),

[a] person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

Collins argues that his conviction should be reversed because the state did not prove that he possessed the requisite criminal intent. We disagree.

"Both knowledge and intent to defraud may be proven by circumstantial evidence."[2] Furthermore, "[k]nowingly passing as genuine a

---

[2] (Citations and punctuation omitted.) *Biggins v. State*, 229 Ga. App. 297, 300 (2) (494 SE2d 45) (1997).

forged instrument is conclusive of the intent to defraud."[3] In this case, it is undisputed that Collins presented all three checks at two banks and tried to cash them by showing his identification card and endorsing the backs of the checks. "[T]he gravamen of the offense of forgery in the first degree is not only the 'signing' but the 'possession' of the checks purportedly endorsed by others and 'uttering' (offering directly or indirectly to the public) said writings."[4] The evidence is sufficient to show that Collins knowingly possessed, endorsed, and uttered the checks,[5] which is conclusive of his intent to defraud.[6]

2. At Collins's sentencing hearing, the state introduced certified copies of his three prior felony convictions in Greene County. The trial court admitted the convictions, sentenced Collins as a four-time repeat offender to ten years on each count to run concurrent, and ordered that he serve seven years in confinement. Defense counsel objected to the use of the convictions to sentence Collins as a recidivist, arguing that *Nash v. State*[7] requires that there be an explicit statement that the defendant has waived his rights included in the certified copies.

In *Nash*, the state introduced a certified copy of the defendant's guilty plea for purposes of recidivist punishment. The defendant raised a *Boykin v. Alabama*[8] objection that the plea was not entered knowingly and voluntarily. The state was not able to produce the transcript of the earlier plea hearing but offered instead the testimony of the prosecutor present when the defendant entered his plea that the trial court only accepted pleas that were knowingly and voluntarily entered. Our Supreme Court, following *Parke v. Raley*,[9] held that "the burden in non-death penalty cases is on the recidivism defendant rather than the State to prove by a preponderance of the evidence that a previous guilty plea was not knowingly and voluntarily entered."[10] Therefore,

> the burden is on the State to prove both the existence of the prior guilty pleas and that the defendant was represented by

---

[3] *Jordan v. State*, 127 Ga. 278 (56 SE 422) (1907). Accord *Huewitt v. State*, 218 Ga. App. 566, 567 (462 SE2d 463) (1995).

[4] *LaPann v. State*, 167 Ga. App. 288, 291 (6) (306 SE2d 373) (1983) (defendant's argument that he did not have the intent to defraud necessary for a first degree forgery conviction was rejected where the evidence showed that the defendant endorsed, possessed, and uttered another's checks).

[5] See *Williams v. State*, 228 Ga. App. 622 (492 SE2d 290) (1997) (conviction for first degree forgery affirmed where the defendant tried to cash a stolen check).

[6] *Jordan*, supra.

[7] 271 Ga. 281 (519 SE2d 893) (1999).

[8] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[9] 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992).

[10] *Nash*, supra.

counsel in all felony cases. . . . Upon such a showing, the presumption of [the] regularity [of a final judgment] is then applied and the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient. If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the State.[11]

In this case, the state met its initial burden by proving the existence of the prior guilty pleas and that Collins was represented by counsel when he entered them.[12] Thus, the presumption of regularity attached.[13] When asked to present evidence to contest the issue of voluntariness of the guilty pleas, defense counsel replied, "I don't have any evidence to offer" but reiterated her argument that there was no waiver of Collins's constitutional rights on the face of the guilty pleas. As stated earlier, "the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient."[14] Accordingly, the trial court did not err in sentencing Collins as a recidivist. Furthermore, since unlike the defendant in *Nash*,[15] Collins was offered the opportunity to present evidence challenging the validity of his pleas at his sentencing hearing, we reject his alternate argument that the case should be remanded for that purpose.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 15, 2002.

*Elizabeth M. Grant*, for appellant.
*Kenneth W. Mauldin, District Attorney, Anna E. Watkins, Assistant District Attorney*, for appellee.

---

[11] (Citations and punctuation omitted.) Id. at 285.
[12] See *Wilbanks v. State*, 251 Ga. App. 248, 259 (7) (554 SE2d 248) (2001).
[13] Id., citing *Nash*, supra.
[14] (Citation and punctuation omitted.) *Nash*, supra at 285.
[15] Id. at 286.