## A03A1051. SMITH v. THE STATE.

(581 SE2d 349)

PHIPPS, Judge.

Gregory Smith was convicted of burglary. Based on three prior felony convictions entered on guilty pleas, he was sentenced as a recidivist over his objection that the guilty pleas were not knowingly and intelligently entered. Although Smith's burglary conviction was affirmed on direct appeal in *Smith v. State*,[1] the case was remanded for further sentencing proceedings in light of changes in the law governing collateral attacks on guilty pleas.[2] After conducting another sentencing hearing on remand, the trial court entered an order ruling that Smith's guilty pleas were validly entered and that his original sentence should therefore stand. Smith filed an appeal that was dismissed because his attorney failed to file an enumeration of errors and brief. The trial court later granted Smith's request to file this out-of-time appeal of the sentencing order. Finding no error, we affirm.

At his original sentencing, Smith objected to the State's use of his guilty pleas, because no transcripts of the plea hearings were available and because the records in the three prior cases did not otherwise show that Smith had been informed of his rights under *Boykin v. Alabama*.[3] When Smith raised this objection, the controlling rule was set out in *Pope v. State*.[4] Under *Pope*, the burden was on the State to establish the validity of a prior conviction entered on a guilty plea where (1) the State sought to use the conviction in enhancement of punishment in a subsequent proceeding, and (2) the defendant challenged the validity of the plea under *Boykin*.[5] In reliance on *Pope*, Smith argued that the State had failed to meet its burden of showing that the pleas had been knowingly and voluntarily entered.

To meet the State's burden, the prosecutor sought to show in the circuit where the pleas were entered, there existed a practice of accepting pleas only after (1) the prosecutor and judge had engaged in a lengthy discussion to establish that the defendant was knowingly and voluntarily waiving his *Boykin* rights, or (2) the defendant had signed a plea form acknowledging his understanding of such rights.[6]

---

[1] 245 Ga. App. 743 (538 SE2d 825) (2000).

[2] Id. at 745-748 (3).

[3] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). See *Smith*, supra at 746 (3).

[4] 256 Ga. 195, 209 (17) (345 SE2d 831) (1986).

[5] Id.

[6] *Smith*, supra.

The trial court later

allowed the prosecutor to question the three attorneys who represented Smith when he entered his previous pleas. Although the three attorneys testified to some extent concerning the usual custom or practice of taking pleas in the circuit, none testified concerning Smith's actual pleas, either because they had no independent recollection of the specific pleas, or because they believed such testimony would violate the attorney-client privilege or would violate their duty to avoid testifying against their client.[7]

Shortly before the trial court entered its original sentence, this court rendered its decision in *Nash v. State*.[8] In *Nash*, this court recognized the inconsistency between *Pope* and the 1992 decision of the United States Supreme Court in *Parke v. Raley*.[9] In *Parke*, the Supreme Court held that, consistent with due process, the burden which *Boykin* requires the State to bear when a defendant directly appeals a judgment of conviction entered on a plea of guilty need not be imposed when the defendant collaterally attacks the validity of a prior guilty plea being used by the State for recidivist sentencing in a subsequent proceeding. *Parke* held that to import *Boykin*'s presumption of invalidity into the latter context would ignore the deeply rooted presumption of regularity that attaches to final judgments. Consequently, in such a collateral attack, a court may presume at least initially that a final judgment of conviction was validly entered on a guilty plea.

In *Nash*, as here, the State was unable to produce a transcript of the plea hearing. And also in *Nash*, as here, the State sought to uphold the validity of the defendant's guilty pleas in reliance on the trial court's practice of informing all defendants of their *Boykin* rights before accepting guilty pleas. Nash offered no evidence in rebuttal. The trial court in *Nash* ruled that the State had proved a valid plea and that the conviction could be considered in sentencing.[10] This court affirmed. In reliance on this court's decision in *Nash*, the trial court in this case ruled that evidence of Smith's prior convictions was admissible.[11] Smith then filed his direct appeal.

---

[7] Id.

[8] 233 Ga. App. 75 (503 SE2d 23) (1998), aff'd, 271 Ga. 281 (519 SE2d 893) (1999).

[9] 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992). See *Nash*, supra, 233 Ga. App. at 76-79 (2).

[10] *Nash*, supra, 233 Ga. App. at 76 (2).

[11] *Smith*, supra at 747.

Before the appeal was decided by this court, the Supreme Court of Georgia granted certiorari in *Nash* and affirmed.[12] Overruling *Pope*, the Supreme Court in *Nash* adopted *Parke* and revised the scheme then in effect in Georgia for allocating the burdens of proof in collateral attacks of guilty pleas. *Nash* placed the initial burden on the State to prove both the existence of the prior guilty plea and that the defendant was represented by counsel in felony cases. The Court in *Nash* held that upon such a showing,

> the presumption of regularity is then applied and the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. "Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence." [Cit.] "A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient." [Cit.] If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, . . . the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights. [Cit.][13]

In Smith's direct appeal, we held that this court's decision in *Nash*, as affirmed by the Supreme Court on certiorari, authorized the trial court to admit the pleas for the purpose of recidivist sentencing.[14] Because, however, it was not clear from the record whether Smith was given the opportunity to present evidence challenging the validity of his pleas, out of an abundance of caution, we remanded

---

[12] *Nash*, supra, 271 Ga. 281.
[13] Id. at 285.
[14] *Smith*, supra.

the case to the trial court to allow Smith the opportunity to attempt to meet his burden of production.[15]

At the hearing held on remand, Smith testified with respect to his first felony conviction that he had been quite young (under 21 years old); that his mother had hired defense counsel; that his mother and attorney had decided almost everything in consultation with one another; and that he had pled guilty at the hearing because his attorney told him he was eligible for first offender treatment and would not be sent to prison. As to his second conviction, Smith testified that that offense was charged as a probation violation as well as an independent crime and that he did not understand the distinction between the two. As to his third conviction, Smith simply acknowledged that he had met with his defense attorney and had been advised that it was in his best interest to plead guilty. In the order appealed, the trial court found that Smith had presented insufficient evidence to support his claim that his prior guilty pleas were invalid.

To the limited extent that Smith's testimony at the remand hearing constituted evidence that any of his earlier pleas were not knowingly and intelligently entered, the court was authorized to find from the totality of the evidence that Smith's prior guilty pleas were informed and voluntary.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 28, 2003 —
RECONSIDERATION DENIED APRIL 9, 2003.

*Kristopher Shepherd*, for appellant.
*Kenneth W. Mauldin, District Attorney, Edward H. Brumby, Jr., Assistant District Attorney*, for appellee.