## HERRINGTON v. THE STATE.

1. The law recognizes no one even as an officer de facto, who fills an alleged public office that has no existence under any constitutional provision, or by virtue of any color of legislative enactment.
2. Neither the constitution nor the legislature of this State has ever attempted to create the office of county policeman of Fulton county. It follows that an indictment which charges one with the offense of extortion, in that he did, by color of his office as such county policeman, wrongfully extort money from another, is demurrable on the ground that there is no such public officer under the laws of Georgia.

Argued January 17, — Decided January 21, 1898.

Indictment for extortion. Before Judge Berry. Criminal court of Atlanta. November term, 1897.

*Lewis W. Thomas*, for plaintiff in error.
*James F. O'Neill, solicitor*, contra.

LEWIS, J. ‾ The indictment in this case charged the accused with the offense of extortion, alleging that, "in the county aforesaid, on the 1st day of January, in the year of our Lord eighteen hundred and ninety-seven, with force and arms, being then and there a public officer, to wit, being a county policeman in and for the county of Fulton, did by color of his office

wrongfully take from one Sarah Moore seven dollars and fifty cents which was not due him, the said W. M. Herrington, said money of the value of seven dollars and fifty cents and the property of the said Sarah Moore; the case in which said money was wrongfully taken from the said Sarah Moore being in the case of the State *vs.* L. W. Evans and Lucinda Moore, charged with the offense of adultery; a warrant for said offense of adultery having been sworn out against the said L. W. Evans and Lucinda Moore by one W. A. Bradley before D. A. Cook, a justice of the peace in and for the 469th dist. G. M., Fulton County, Georgia, on the 1st day of July, 1895; the said seven dollars and fifty cents taken by the said W. M. Herrington as costs in said case, which the said Herrington represented to the said Sarah Moore was due the justice court of the said D. A. Cook, and which he the said Herrington was then and there authorized to collect; contrary to the laws of said State, the good order, peace and dignity thereof." To this indictment the accused demurred, on the ground, among others, "that the same does not show that the defendant was such a public officer as, under the laws of Georgia, could commit the offense of extortion."

There is an irreconcilable conflict of authority upon the proposition as to whether or not it is possible that the doctrine of an officer de facto can be applied to any case without presupposing the existence of an office de jure. Much respectable authority can be produced to the effect that where an office is provided for by an unconstitutional act of the legislature, the incumbent of such an office, for the sake of public policy and the protection of private rights, will be recognized as an officer de facto until the unconstitutionality of the act has been judicially determined. On the other hand, there is considerable, and perhaps a greater weight of authority, directly the reverse. It is not necessary in the consideration of this case to enter upon an examination of the text-writers and the decisions of the courts upon the subject, with a view of determining in which direction the scale of reasoning leans. We will content ourselves with citing the case of Norton *v.* Shelby County, 118 U. S. 425. An exhaustive opinion written by Mr. Justice Field

in that case goes into a review of many of the leading cases on the subject. The final conclusion reached by the court is embodied in the headnotes on page 426, as follows: "While acts of a de facto incumbent of an office lawfully created by law and existing are often held to be binding from reasons of public policy, the acts of a person assuming to fill and perform the duties of an office which does not exist de jure can have no validity whatever in law." "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." In the case of *Collier* v. *Elliott*, 100 *Ga.* 363, it appears that this office of county policeman was created by the commissioners of roads and revenues of Fulton county, without any legislative authority whatever. The office itself, therefore, has never been in existence even under color of legislative enactment; and we have been unable to find any authority that one who holds such a position is for any purpose whatever an officer de facto. Under the facts alleged in the indictment, the crime committed by the accused was not one of extortion by a public officer. The accused was indicted under the provisions of a statute directed against public officers; and the indictment, showing upon its face that he occupied no such relation, should have been quashed on demurrer.

*Judgment reversed. All the Justices concurring.*