The petition as amended set forth a cause of action. The court properly overruled the demurrers to paragraphs 1 and 2 of the petition as amended; erred in sustaining demurrers to paragraphs 3, 4, and 21-26 inclusive; properly sustained the demurrer to paragraph 28; erred in sustaining demurrers to paragraphs 36 and 37 and in striking them; and erred in dismissing the action.
 DECIDED JANUARY 16, 1942.
Errors are assigned on rulings on demurrers to the petition. It seems necessary to set forth the pleadings, as follows: "The petition of Spencer Coleman, Irene Newcomb, L. R. Tyson, L. G. Cartledge, Ethel Fonville, G. N. Pappas, Earl Withers, V. E. Farrow, Eloise Brown, Mrs. Myron Sillaway, W. Schnell, Rosalyn McIntosh, and A. S. Thompson, for the use of Lamar Clay, respectfully shows: (1) That R. A. Drake, who is here named defendant, is a resident of said county. (2) The City of Griffin is a municipal corporation located in said county. (3) R. A. Drake is and was, at the several times hereinafter mentioned, city manager of said City of Griffin, which said city operated under a *Page 545 
commission form of government, and the said R. A. Drake acted as clerk of the recorder's court of the said city. (4) On the 15th of March, 1936, your petitioners were arrested by police officers of the said city, charged with the violation of an ordinance thereof, known as the antidistributing ordinance, said ordinance forbidding the distribution of printed matter in said city without first obtaining written permission from the city manager. Copy of said ordinance is hereto attached, marked `Exhibit A' and made a part of this petition. (5) Petitioners were brought before the recorder of said city and were by him tried for the violation of said ordinance. (6) On the said trial petitioners contended that the said ordinance was constitutional, null and void. (7) But in spite of said contention, the recorder found petitioners guilty of violating said ordinance. (8) Thereupon the recorder imposed a fine of $15 each against petitioners, and in default of the payment thereof sentenced each of them to work upon the public works of said city for fifteen days. (9) Being advised that said ordinance under which they were convicted was unconstitutional, and desiring to contest their conviction on that ground, an agreement was made by petitioners, through their attorneys, that a petition for certiorari to the superior court of Spalding County would be sued out on behalf of petitioner Spencer Coleman, and that the cases of the other petitioners should be controlled by the decision in that case. (10) In order to obtain their liberty pending the final decision in the case of petitioner Spencer Coleman, petitioners deposited with the said R. A. Drake, who was then acting as clerk of the recorder's court, the amounts of the fine in each case, aggregating the sum of $195, and were thereupon liberated. Said Drake refused to accept bonds but demanded that cash be deposited as collateral. (11) The money deposited by petitioners with the said R. A. Drake was advanced for them by Lamar Clay, for whose use this suit is brought. (12) The said Lamar Clay advanced the said money by drawing his check dated March 16, 1936, on the Citizens 
Southern National Bank, Macon, Georgia, in the sum of $195, payable to John O. Owen, Att'y., the said John O. Owen, representing petitioners on said trial as their attorney at law. (13) The said check was endorsed by the said `John O. Owen, Atty, (for bonds)' and was delivered by him to the said R. A. Drake, who endorsed the same `City of Griffin, R. A. *Page 546 
Drake, City Mgr.,' and cashed the same and took and held and still holds the money, to wit, the sum of $195. (14) The petition for certiorari to the superior court of Spalding County to review the conviction of petitioner Spencer Coleman was denied by the judge of said superior court. (15) Whereupon petitioner sued out a writ of error to the Court of Appeals to review the judgment denying this petition for certiorari. (16) On the hearing of said case the Court of Appeals affirmed the judgment of the superior court denying the certiorari, the said court holding and deciding the ordinance, for the violation of which petitioner was convicted, was valid and constitutional. (17) Being dissatisfied with the decision of the Court of Appeals and still believing that said ordinance was unconstitutional, petitioner filed a motion with the Court of Appeals for the rehearing of said case which motion was granted, but the court on the rehearing adhered to its decision as originally entered, its judgment being entered on December 18, 1936. (18) Petitioner Spencer Coleman applied to the Supreme Court of Georgia for the writ of certiorari to review the judgment of the Court of Appeals aforesaid, but the said Supreme Court refused to grant the petition and issue the writ. (19) Petitioner Spencer Coleman then entered an appeal from the Court of Appeals to the Supreme Court of the United States, but the Supreme Court on October 11, 1937, in a per curiam opinion, dismissed the appeal: (1) for want of a substantial Federal question, [and] (2) for the want of a properly presented Federal question. (20) In the meantime, while petitioners were vainly endeavoring to get the question of the constitutionality of the ordinance under which they were convicted determined, Alma Lovell and a number of other persons were arrested by the police in the City of Griffin, charged with the violation of the same ordinance against distributing literature in the city without the written permission of the city manager. (21) The said Alma Lovell and her associates were tried in the recorder's court of the said city and were convicted of the violation of said ordinance and a fine was imposed upon her. (22) On the trial before the recorder the said Alma Lovell contended that said ordinance was unconstitutional, null and void. (23) When the recorder found her guilty the said Alma Lovell filed her petition to the superior court of Spalding County for the writ of certiorari to review said judgment of the *Page 547 
recorder, which petition was denied by the judge of the superior court. (24) Thereupon the said Alma Lovell filed her bill of exceptions and carried the case for review to the Court of Appeals of Georgia, which court affirmed the judgment of the judge of the superior court refusing to sanction the petition for certiorari. (25) A motion for rehearing filed by the said Alma Lovell was denied by the said Court of Appeals on March 31, 1937. (26) She thereupon applied to the Supreme Court of Georgia for a writ of certiorari directed to the Court of Appeals to review its judgment but this application was denied. (27) Whereupon the said Alma Lovell entered an appeal from the Court of Appeals of Georgia to the Supreme Court of the United States, which said court on the 28th of March, 1938, reversed the judgment of the Court of Appeals and held that the said ordinance under which she and petitioners had been convicted was unconstitutional, null and void. (28) Thereupon the money which had been deposited with the said R. A. Drake, acting as clerk of recorder's court, by the said Alma Lovell and those who were convicted of violating the said ordinance at the same time that she was convicted, was refunded to them. (29) The ordinance under which they were convicted having been held to be unconstitutional, null and void, petitioners thereupon demanded of the said R. A. Drake the $15 each, aggregating $195, deposited with him in order to obtain their release from custody pending the decision on the constitutionality of the said ordinance. (30) The said R. A. Drake admitted that he still held the money deposited with him by petitioners. (31) But the said R. A. Drake refused to turn the same over to petitioners. (32) Though petitioners have made repeated demands for the return of the money deposited by them under the circumstances hereinbefore recited these demands have been refused and the money is still held by the said R. A. Drake. (33) Petitioners aver that the $15 each was deposited by them under duress, petitioners then being held in custody by the police officers of the City of Griffin and being required to deposit the amount in order to be liberated from such custody, petitioners having been convicted and sentenced to pay fines equivalent to the amounts deposited or to work on the public works of said city for a period of fifteen days each. (34) Petitioners paid over said amount under protest, insisting before the recorder that the ordinance for the violation of *Page 548 
which they were arrested was unconstitutional, null and void. (35) Petitioners promptly pursued every remedy afforded to them by law for the purpose of having said ordinance declared unconstitutional. (36) The ordinance having finally been declared unconstitutional, is of no force and effect, the arrest of petitioners for its violation was illegal, their conviction for the violation thereof was a nullity. Said R. A. Drake had no legal right to require the deposit of the one hundred ninety-five ($195) dollars, fifteen ($15) dollars in each case, as a condition for the liberation of plaintiffs from custody. (37) The holding of money by the said R. A. Drake, deposited by petitioners and furnished by the said Lamar Clay, was and is without legal warrant and authority. Wherefore, petitioners brings this their suit against the said R. A. Drake for money had and received, and pray judgment against the said R. A. Drake for the use of said Lamar Clay for the sum of one hundred ninety-five ($195) dollars, together with interest and cost of suit. Petitioners further pray that process may issue requiring the said R. A. Drake to be and appear at the next term of this honorable court to answer petitioners' complaint."
The petition was amended as follows: "Now come the plaintiffs in the above styled case and with leave of this court, amend their petition heretofore filed by striking the names of Spencer Coleman et al. suing for the use of Lamar Clay, and substituting in place thereof the name of the usee, Lamar Clay, in his own right."
The defendant demurred as follows: "(1) That there is a misjoinder of plaintiffs and a misjoinder of causes of action. The suit is brought by the petitioners for the use of Lamar Clay, and can not be so brought unless the legal interest to the amount sought to be recovered is in petitioners, and if such legal interest is in petitioners, they can not join in one and the same action against the defendant for the recovery thereof, but must each separately sue for the amount of the cash bond deposited by them. (2) There is no proper party plaintiff, because of the fact that the petition shows on its face that the money sought to be recovered was and is the property of Lamar Clay, and that the petitioners have no legal title thereto or legal interest therein, and the plaintiff without a legal title to or legal interest in the money sought to be recovered in this action can not sue therefor for the use of *Page 549 
another, but the action should be brought by Lamar Clay, the person in whom the petition shows the legal title to the money in question is vested. (3) The petition does not as a whole, nor does any part thereof, set forth a cause of action against the defendant. (4) The defendant demurs to and moves to strike the allegations contained in paragraphs 21 through 26, both inclusive, and to the allegations contained in 28 of said petition on the ground that the matter set forth therein is entirely irrelevant to the cause of action sued upon by plaintiffs herein. (5) Defendant demurs to allegations contained in paragraph 36 of said petition on the ground that the matter set forth therein is a mere conclusion of the pleaders without allegations of supporting fact. (6) Defendant demurs to and moves to strike allegations contained in paragraph 37 of said petition on the ground that the matter set forth therein is a mere conclusion of the pleaders without allegations of supporting fact. Wherefore, defendant prays that he have judgment of the court on these his demurrers."
The order on the demurrer was as follows: "Upon consideration of the defendant's demurrer to the petition in the above stated case, it is considered, ordered and adjudged as follows: (1) The petition having been amended so as to proceed in the name of the usee as sole plaintiff, paragraphs 1 and 2 of the demurrer are overruled. (2) Paragraph 3 of the demurrer is sustained. (3) Paragraph 4 of the demurrer is sustained, and paragraphs 21 through 26, inclusive, and paragraph 28, are stricken. (4) Paragraph 5 of the demurrer is sustained and paragraph 36 of the petition is stricken. (5) Paragraph 6 of the demurrer is sustained and paragraph 37 of the petition is stricken. (6) Having sustained paragraphs 3, 4, 5, and 6 of the demurrer, said petition as amended is dismissed."
It will be noted from the allegations of the petition that the money in question was paid to the defendant and that he still holds it. We think the petition sets out a cause of action, when considered under the rulings of DennisonManufacturing Co. v. Wright, 156 Ga. 789 (120 S.E. 120);Strachan Shipping Co. v. Savannah, 168 Ga. 309, 315
(147 S.E. 555); Herrington v. *Page 550 State, 103 Ga. 318 (29 S.E. 931). We do not think it would make any difference that the ordinance in question was declared unconstitutional in another case made under it against a different party. See in this connection United States v.
Rothstein, 187 Fed. 268 (109 C.C.A. 521).
In our opinion the money was paid involuntarily. The plaintiff is entitled to recover the same under the principles laid down inParrot v. Wilson, 51 Ga. 255; Fischesser v. Heard,42 Ga. 531.
Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.