## S07G1735. BECK v. THE STATE.
### (658 SE2d 577)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Beck v. State*, 286 Ga. App. 553 (650 SE2d 728) (2007), to determine whether (1) a search warrant is valid when it is signed by an individual purporting to hold office as an assistant magistrate even though no such office existed; and (2) defendant's prior guilty pleas were used properly in sentencing defendant as a recidivist. The answer to the first question is "no." The answer to the second question is "yes."

Defendant was charged with possession of marijuana with intent to distribute and possession of cocaine with intent to distribute. The charges were based, in part, on evidence seized pursuant to a search warrant issued by an "assistant magistrate."

The position of assistant magistrate was not authorized or created by county commissioners, nor by the judges of the superior court; and no certification for the office was sent to the Administrative Office of the Courts. Nevertheless, the magistrate hired an individual to serve as an assistant magistrate because the county administrator told him he could have a part-time assistant.

The assistant magistrate previously worked in the magistrate's office in another county. She was 22 years old.[1] Before issuing the warrant, she telephoned the magistrate, who was sick at home, and discussed the application with him. The magistrate instructed the assistant magistrate to sign the warrant, which she did.

Defendant filed a motion to suppress evidence seized pursuant to the search warrant. The motion was denied, the case proceeded to trial, and defendant was convicted. Defendant was sentenced as a recidivist on the basis of guilty pleas he entered in 1993.

Defendant appealed and the Court of Appeals affirmed, holding that (1) the search warrant was valid because the assistant magistrate was a de facto officer and (2) the burden is on the recidivism defendant, not the State, to prove that the guilty pleas were not knowingly and voluntarily entered.

1. The de facto officer doctrine cannot be used to justify the acts of an officer when there has been no legally created office. As this Court said long ago:

> "While acts of a de facto incumbent of an office lawfully created by law and existing are often held to be binding from reasons of public policy, the acts of a person assuming to fill

---

[1] The minimum age requirement to serve as a magistrate is 25. OCGA § 15-10-22 (a).

and perform the duties of an office which does not exist de jure can have no validity whatever in law."

*Herrington v. State*, 103 Ga. 318, 320 (29 SE 931) (1898). Thus, "one may not claim to be a de facto officer unless there is a de jure office in existence." *Garnier v. Louisiana Milk Comm.*, 8 So2d 611, 615 (La. 1942), citing *Herrington*, supra.

Although the county commissioners and superior court judges may have been authorized by law to create an assistant magistrate's office, OCGA § 15-10-20 (a), they did not do so here. It follows that the office of assistant magistrate did not exist and the acts of the individual who purported to occupy that office were invalid. *Tarpley v. Carr*, 204 Ga. 721, 727-728 (51 SE2d 638) (1949); *Herrington*, supra. See also *Pruitt v. State*, 123 Ga. App. 659 (182 SE2d 142) (1971) (lack of jurisdiction to issue warrant is not mere technicality, but results in a nullity).

The mere fact that the office of magistrate judge is a lawfully constituted office is of no consequence. The warrant was signed by an individual purporting to be acting as an assistant magistrate, not a magistrate. Thus, it is the office of assistant magistrate that must pass the de jure test. Because it failed that test, we do not determine whether the individual was an officer de facto.

The State asserts the trial court properly denied the motion to suppress, even if the search warrant was invalid, because the officers sought the warrant in good faith. This assertion is without merit. Georgia does not recognize the good faith exception to its statutory exclusionary rule because our legislature has not provided one. *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992); *State v. Gallup*, 236 Ga. App. 321, 325 (512 SE2d 66) (1999); OCGA § 17-5-30.

The Court of Appeals erred in upholding the validity of the search warrant.

2. Relying upon *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999), the Court of Appeals held that defendant's prior guilty pleas could be used for recidivist sentencing purposes because (1) the burden was on defendant to show that the pleas were not knowingly and voluntarily entered and (2) defendant failed to meet that burden. *Beck*, supra at 557 (4). The Court of Appeals was not incorrect in its conclusion, but it painted with a broad brush. Because this is a matter of great significance to the bench and bar, we take this opportunity to reiterate our holding in *Nash* and discuss again the shifting burdens involved in sentencing a defendant as a recidivist.

In recidivist sentencing, the State bears the burden of showing both the existence of the prior guilty pleas and that the defendant was represented by counsel when he entered the pleas. *Nash*, supra at 285. If the defendant was not represented by counsel, the State can

meet its burden by showing that the defendant waived this right. The State can do this by introducing a transcript of the plea hearing, a docket entry or another document affirmatively showing that the right to counsel was waived. Id. Once the State has shown that the defendant either was represented by counsel or waived the right to representation, a "presumption of regularity" attaches to the plea proceedings and the burden shifts to the defendant to show any alleged irregularities. Id.

Defendant argues that the State should have the additional burden of proving that the right to counsel was waived knowingly and voluntarily. However, the presumption of regularity which final judgments enjoy under *Nash* necessitates that the State only be required to show evidence of waiver. Id. Thus, upon the State's showing that a defendant waived his right to counsel, the court may presume the defendant waived that right knowingly and intelligently and that the plea would not have been accepted otherwise. Id. See also *State v. Deville*, 879 So2d 689, 691-692 (La. 2004).

Here, the State introduced three guilty pleas entered by defendant to support the imposition of a recidivist sentence. Defendant objected to the trial court's consideration of two of these pleas.[2] With regard to one such plea, the State failed to show that defendant was represented by counsel or that he waived counsel, and the trial court correctly refused to consider that plea in sentencing defendant. As to the other plea, the State introduced a document showing that defendant had waived his right to counsel.[3] That document was sufficient to meet the State's burden, shift the burden to defendant to prove that his plea was not knowing and voluntary, and, because defendant did not satisfy his burden, enable the trial court to rely on the guilty plea for the purpose of sentencing defendant as a recidivist. *Nash*, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 10, 2008 —
RECONSIDERATION DENIED MARCH 31, 2008.

*Steven M. Harrison*, for appellant.

---

[2] Defendant was represented by counsel with regard to the third guilty plea.

[3] The document, "Findings of Fact on Guilty Plea," was signed by the trial judge who presided at the guilty plea hearing. It reads, in pertinent part: "The court now finds that . . . defendant is pleading guilty freely and voluntarily and . . . that there has been a knowing and intelligent waiver and relinquishment of: the right to counsel."

*Timothy G. Vaughn*, District Attorney, *Jon W. Setzer*, Assistant District Attorney, for appellee.