## A09A2405. MILLER v. THE STATE.
(689 SE2d 46)

BLACKBURN, Presiding Judge.

Following the partial revocation of his probation, Terry Lynn Miller appeals, challenging the sufficiency of the evidence supporting the revocation and arguing that the trial court erred in failing to make a written statement setting forth the evidence upon which the revocation relied and in denying his motion for a State-provided transcript of the revocation hearing for use in his motion for new

trial. For the reasons set forth below, we affirm.

"A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Punctuation omitted.) *Mullens v. State*.[1] Thus, "[i]f admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm." *Young v. State*.[2]

Viewed in this light, the record shows that Miller pled guilty to possession of cocaine[3] on June 15, 2006, and received a 15-year sentence to be served on probation. On November 17, 2008, the State filed a petition for revocation of Miller's probation, alleging that Miller had violated conditions of his probation by testing positive for the use of cocaine. On December 9, 2008, the trial court held a probation revocation hearing, after which it found that Miller had violated his probation by possessing and using cocaine. Consequently, the court revoked two years of Miller's probated sentence and ordered him to serve those two years in confinement in the State penal system. However, the trial court further ruled that it would suspend the revocation of probation upon the condition that Miller successfully complete a substance abuse treatment program.

Shortly thereafter, Miller filed a motion for new trial. At the same time, he also filed an affidavit of poverty and a motion for the State to provide him with a free transcript of his probation revocation hearing for use in his motion for new trial. After a hearing on the issue, the trial court denied Miller's motion for a State-provided transcript, and a few months later, the trial court also denied his motion for new trial. Subsequently, Miller filed an application for discretionary appeal, which we granted. This appeal followed.

1. Miller contends that the trial court erred in denying his motion for a State-provided transcript of his probation revocation hearing. Specifically, he argues that because he is entitled to appointed counsel in a probation revocation hearing, he must also be entitled to a free transcript of the hearing. In this issue of first impression, we disagree.

"Generally, a probation revocation hearing is a judicial matter, as a person under probation is still under the jurisdiction of the

---

[1] *Mullens v. State*, 289 Ga. App. 872 (658 SE2d 421) (2008).

[2] *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

[3] OCGA § 16-13-30 (a).

sentencing court and subject to the terms and conditions set down by the court." (Punctuation omitted.) *Carlson v. State.*[4] See *Williams v. Lawrence.*[5] "In the hearing, the trial judge determines whether the conduct of the defendant during the probation period has conformed to that outlined in the order of probation." (Punctuation omitted.) *Carlson*, supra, 280 Ga. App. at 597 (1). In *Gagnon v. Scarpelli*,[6] the United States Supreme Court held that probation revocation is not a stage of a criminal prosecution. Thus, a probationer facing revocation is not entitled to the full panoply of constitutional due process rights which attach to an accused in a criminal prosecution. Id. at 781 (II).

Although a probation revocation is not considered to be a criminal prosecution, we recognize that such a proceeding is also not perfectly analogous to a civil proceeding. In looking for a legal proceeding with which to make an analytical comparison, we agree with the trial court that a probation revocation is similar to a hearing on a habeas corpus petition. Both proceedings occur after a defendant has been previously found guilty beyond a reasonable doubt. Additionally, with both of these proceedings, appellate review is not gained by filing a direct appeal, but must be sought by means of an application for review. See OCGA §§ 5-6-35 (a) (5); 9-14-52 (b). Bearing this in mind, our Supreme Court has held that "[w]hile an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings." (Punctuation omitted.) *Orr v. Couch.*[7] See *Billups v. State.*[8] "[T]here is no absolute constitutional or statutory right to a transcript for use in a collateral attack on a conviction." *Boddie v. State.*[9] This is because

> [t]he duty of the State . . . is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.

(Punctuation omitted.) *United States v. MacCollom.*[10] Given these

---

[4] *Carlson v. State*, 280 Ga. App. 595, 597 (1) (634 SE2d 410) (2006).

[5] *Williams v. Lawrence*, 273 Ga. 295, 296 (540 SE2d 599) (2001).

[6] *Gagnon v. Scarpelli*, 411 U. S. 778, 782 (II) (93 SC 1756, 36 LE2d 656) (1973).

[7] *Orr v. Couch*, 244 Ga. 374 (260 SE2d 82) (1979).

[8] *Billups v. State*, 234 Ga. 147, 148 (214 SE2d 884) (1975).

[9] *Boddie v. State*, 259 Ga. 676 (386 SE2d 362) (1989).

[10] *United States v. MacCollom*, 426 U. S. 317, 328 (III) (96 SC 2086, 48 LE2d 666) (1976).

circumstances, we see no reason why a probationer should be afforded a benefit not afforded to an incarcerated appellant seeking to reverse his original conviction. Therefore, we hold that Miller is similarly not entitled to a transcript of his probation revocation hearing.

We note that in *Nix v. Dept. of Human Resources*,[11] our Supreme Court held that an indigent parent whose parental rights have been terminated is entitled to "a paupered transcript of the proceedings" for use in appealing the decision of the trial court. However, although such proceedings are more civil in nature than criminal, *In the Interest of A. H. P.*,[12] the Supreme Court's decision in *Nix* was based upon a consideration of the "permanent jeopardy to the precious rights in issue" in termination cases. *Nix*, supra, 236 Ga. at 796. In that regard, our Supreme Court has found that termination of parental rights cases are more akin to initial criminal prosecutions and therefore are not analogous to probation revocation cases.

As noted, Miller argues that because he is entitled to appointed counsel in a probation revocation hearing, he must also be entitled to a free transcript of the hearing. However, Miller's absolute entitlement to appointed counsel in a probation revocation hearing is a right only recently conferred upon him by statute. See OCGA § 17-12-23 (a) (2). Prior to the enactment of that statute, the right to counsel in such proceedings was not absolute. See *Banks v. State*[13] (probationer has no Sixth Amendment right to counsel but only a limited due process right). In this context, any argument that a probationer should be absolutely entitled to a free transcript is more appropriately addressed to the General Assembly. Accordingly, the trial court did not err in denying Miller's motion for a State-provided transcript of his probation revocation hearing.

2. Miller contends that the trial court erred in failing to make a written statement setting forth the evidence upon which it relied in revoking his probation. This contention is without merit.

In *State v. Brinson*,[14] the Supreme Court of Georgia stated:

In *Morrissey v. Brewer*,[15] the U. S. Supreme Court set forth the following minimum requirements of due process in parole revocation proceedings: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person

---

[11] *Nix v. Dept. of Human Resources*, 236 Ga. 794, 794 (225 SE2d 306) (1976).
[12] *In the Interest of A. H. P.*, 232 Ga. App. 330, 334 (2) (500 SE2d 418) (1998).
[13] *Banks v. State*, 275 Ga. App. 326, 328 (620 SE2d 581) (2005).
[14] *State v. Brinson*, 248 Ga. 380 (1) (283 SE2d 463) (1981).
[15] *Morrissey v. Brewer*, 408 U. S. 471, 489 (III) (92 SC 2593, 33 LE2d 484) (1972).

and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . . (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) *a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.*" These requirements were extended to probation revocation proceedings in [*Gagnon,* supra, 411 U. S. at 786 (III)].

(Emphasis in original.)

The record in this matter includes a petition for revocation, which alleges that Miller violated the terms of his probation by testing positive for use of cocaine. A full hearing was held on the revocation petition, after which the trial court entered an order finding that Miller had violated his probation by possession and consumption of cocaine based on his testing positive for use of that drug. Given that finding, the trial court revoked part of Miller's probated sentence. We find that the revocation petition and the trial court's order "are sufficient to enable both the appellate courts and [Miller] to ascertain the basis for revocation of [his] probation; thus, it was unnecessary for the trial court to commit its findings to a separate piece of paper, when doing so would be essentially an exercise in redundancy." (Punctuation omitted.) *Johnson v. Boyington.*[16] See *Brinson,* supra, 248 Ga. at 381 (1); *Hill v. State.*[17]

3. Miller also generally contends that the evidence was insufficient to support the revocation of his probation. However, this contention is based upon the evidence and testimony presented during his probation revocation hearing, the transcript of which is not before us. We recognize that the focus of this appeal is Miller's claim that he was wrongly denied a State-provided transcript of that hearing, and that we have affirmed the trial court's decision that he was not so entitled. Nevertheless, it is the appellant's obligation to provide the record substantiating his claim, and without such a transcript, we must assume that the trial court ruled correctly and affirm. *Arnold v. State.*[18]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED NOVEMBER 20, 2009 —
RECONSIDERATION DENIED DECEMBER 16, 2009 —

---

[16] *Johnson v. Boyington,* 273 Ga. 420, 423 (541 SE2d 355) (2001).
[17] *Hill v. State,* 270 Ga. App. 114, 120 (3) (605 SE2d 831) (2004).
[18] *Arnold v. State,* 276 Ga. App. 680, 681 (624 SE2d 258) (2005).

*Timothy L. Eidson*, for appellant.
*Denise D. Fachini, District Attorney*, for appellee.