S10G0670. MILLER v. THE STATE.
(702 SE2d 137)

THOMPSON, Justice.

Appellant Terry Lynn Miller pled guilty in 2006 to one count of possession of cocaine and was sentenced to 15 years on probation. In 2008, the State filed a petition accusing Miller of violating the terms of his probation by testing positive for the use of cocaine. The trial court found Miller in violation of probation by possessing and using cocaine and revoked two years of his sentence. The trial court also ruled, however, that it would suspend the revocation of probation upon the condition that Miller successfully complete a substance abuse treatment program. Miller moved for a new trial challenging the sufficiency of the evidence and requested that the State provide him a free transcript of the revocation hearing. The trial court

denied both motions, holding with regard to the transcript that Miller has no absolute right to transcripts at the State's expense in post-conviction proceedings. Miller filed an application for appeal in the Court of Appeals and on July 13, 2009, while his application was pending, Miller was released from the substance abuse program and returned to probation under the original terms and conditions. The Court of Appeals granted Miller's application for discretionary appeal and ultimately affirmed the decision of the trial court. *Miller v. State*, 301 Ga. App. 706 (689 SE2d 46) (2009). We granted Miller's petition for certiorari but for the reasons that follow, we vacate the Court of Appeals' opinion and remand to that court.

It is undisputed that Miller's partial sentence revocation was suspended when he successfully completed a substance abuse treatment program on July 13, 2009, two days before his application for appeal was granted by the Court of Appeals. Therefore, Miller's appeal challenging his now-suspended probation revocation and his related claim that he is entitled to a county-paid transcript of the revocation hearing became moot as of July 13, 2009. The fact that he remains on probation pursuant to his original conviction and subject to the powers of the court does not negate the mootness of his claims challenging his probation revocation proceedings at the time they were filed in the Court of Appeals.

> While a matter does not become moot if adverse collateral consequences continue to plague the affected party, *Parris v. State*, 232 Ga. 687, 689 (208 SE2d 493) (1974), [Miller has] not shown adverse collateral consequences on the record, *Baker v. State*, 240 Ga. 431 (241 SE2d 187) (1978); *Ritchie v. State*, 257 Ga. App. 149 (570 SE2d 435) (2002), and we decline to presume them under these circumstances. [Cit.]

*In the Interest of I. S.*, 278 Ga. 859, 862 (607 SE2d 546) (2005).

Because Miller's claims were moot at the time the Court of Appeals granted his application for appeal, we vacate the opinion of that court and remand the case to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*James C. Bonner, Jr., Timothy L. Eidson*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.