**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**September 27, 2012**

# In the Court of Appeals of Georgia

A12A1129. THOMAS v. THE STATE.

MCFADDEN, Judge.

Jerry Von Thomas challenges a trial court order denying his motion to correct a void sentence, claiming that he was improperly sentenced as a recidivist under OCGA § 17-10-7 (c). However, the record shows that Thomas had been convicted of three prior felonies, and therefore the trial court correctly sentenced him pursuant to OCGA § 17-10-7 (c).

In May 2006, Thomas was charged with one count of possession of methamphetamine. The state subsequently filed a notice of its intent to seek recidivist sentencing based on Thomas' prior felony convictions. On August 28, 2006, Thomas pled guilty to the charge of possession of methamphetamine. The trial court accepted the plea and imposed a 30-year sentence, ordering Thomas to serve 12 years in

confinement and the remainder of the sentence on probation. The trial court also found that this was Thomas' fourth felony conviction and thus sentenced him pursuant to OCGA § 17-10-7 (c), which provides that any person who has been convicted of three prior felonies must, upon conviction for a fourth felony, "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served."

In June 2011, Thomas filed a motion to correct a void sentence, arguing that his recidivist sentence under OCGA § 17-10-7 (c) was improper because one of his three prior felony convictions was based on an uncounseled guilty plea. The trial court denied the motion. Thomas appeals.

Thomas acknowledges that he had the assistance of counsel for two prior felony convictions from 2004, one for possession of methamphetamine and another for possession of methamphetamine with intent to distribute. However, he claims that the state failed to present any evidence that he had an attorney for a1999 felony conviction for possession of cocaine. Thus, he argues, that uncounseled conviction cannot serve as a predicate offense for recidivist sentencing under OCGA § 17-10-7 (c). The argument is without merit.

The record reveals that in 1997, with the assistance of counsel, Thomas pled guilty to possession of cocaine and was given first offender probation. In 1999, the trial court revoked that probation and imposed a four-year sentence with eight months to be served in jail. It is true that Thomas appeared at that 1999 revocation hearing without an attorney. But at that time, he was not necessarily entitled to appointed counsel at a revocation hearing. Rather, the right to have a circuit public defender provide representation "in a probation revocation hearing is a right only recently conferred upon [indigent defendants] by [OCGA § 17-12-23 (a) (2)]. Prior to the enactment of that statute, the right to counsel in such proceedings was not absolute." (Citations omitted) *Miller v. State*, 301 Ga. App. 706, 709 (1) 9689 SE2d 46) (2009), vacated on other grounds, 288 Ga. 153 (702 SE2d 137) (2010). See also *Banks v. State*, 275 Ga. App. 326, 327 n. 3 (620 SE2d 581) (2005). Section 17-12-23 (a) (2) became effective in its current form in 2005. Ga. Laws 2003, Act 32, § 1, eff. Jan. 1, 2005. At the 1999 revocation hearing, Thomas freely admitted that he had violated various terms of his probation, and such "admission to having committed [those violations] creates the very sort of situation in which counsel need not ordinarily be provided." (Citation and punctuation omitted.) *Banks*, supra at 329.

Furthermore, even if Thomas had shown that he was entitled to counsel at the revocation hearing, the transcript reveals that he waived representation by counsel. At the beginning of the revocation hearing, the trial court specifically asked Thomas if he wanted to go forward without an attorney, and he stated that he did wish to proceed without one.

> In recidivist sentencing, the State bears the burden of showing both the existence of the prior guilty pleas and that the defendant was represented by counsel when he entered the pleas. If the defendant was not represented by counsel, the State can meet its burden by showing that the defendant waived this right. The State can do this by introducing a transcript of the plea hearing, a docket entry or another document affirmatively showing that the right to counsel was waived.

(Citations omitted.) *Beck v. State*, 283 Ga. 352, 353-354 (2) (658 SE2d 577) (2008). In this case, it is undisputed that the state showed that Thomas was represented by counsel when he entered his 1997 guilty plea. The state further showed by the transcript of the 1999 revocation hearing that he waived representation by counsel at that hearing. Because the state met its burden of showing the regularity of the prior guilty plea and probation revocation for purposes of recidivist sentencing, the trial court did not err in denying Thomas' motion to correct a void sentence.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*