**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 13, 2014**

# In the Court of Appeals of Georgia

A14A0869. BELL v. THE STATE.

RAY, Judge.

A jury found James Lee Bell guilty of theft by shoplifting. At his sentencing hearing, the State introduced certified copies of guilty pleas that Bell had entered in four prior shoplifting cases for purposes of recidivist punishment under OCGA § 16-8-14 (b) (1) (C). On appeal, Bell argues that the trial court erred in sentencing him as a recidivist because the State failed to sufficiently establish that he had waived his right to counsel in two of the prior shoplifting convictions. For the reasons that follow, we affirm.

In recidivist sentencing, the State bears the burden of showing both the existence of the prior guilty pleas and that the defendant was represented by counsel when he entered the pleas. See *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893)

(1999). If the defendant was not represented by counsel at the time of the guilty pleas, the State can satisfy its burden by showing that the defendant had waived his right to counsel. See *Beck v. State*, 283 Ga. 352, 353-354 (2) (658 SE2d 577) (2008). "The State can do this by introducing a transcript of the plea hearing, a docket entry or another document affirmatively showing that the right to counsel was waived." Id. at 354 (2). When the State is able to show that the defendant waived his right to counsel, a "presumption of regularity" attaches to the plea proceedings and the burden then shifts to the defendant to show any irregularities in the proceedings.[1] Id.

Bell contends that the State should have the additional burden of proving that he knowingly and voluntarily waived his right to counsel. Specifically, Bell argues that the State must prove that he was aware at the time of the waiver that his guilty pleas could later be considered, for recidivist sentencing purposes, if he committed future shoplifting offenses. However, the presumption of regularity which final judgments enjoy necessitates that the State only be required to show evidence that the defendant waived his right to counsel. Id. Once such evidence is shown, it is

---

[1] If the defendant is able to present evidence of a constitutional infirmity regarding the plea, the burden shifts back to the State to prove that the plea was valid. See *Nash*, supra.

presumed that the defendant waived his right knowingly and intelligently and that the plea would not have been accepted by the trial court otherwise. Id.

With respect to the two pleas at issue here,[2] the State introduced documents showing that Bell had waived his right to counsel. Those documents were sufficient to meet the State's initial burden, whereupon the burden shifted to Bell to produce evidence that the pleas were invalid. *Nash*, supra at 285. A defendant can attempt to meet his burden by relying on a plea transcript or by providing testimony or other affirmative evidence regarding the taking of the plea. Id. "A silent record or the mere naked assertion by an accused that his prior . . . plea was not made knowingly and intelligently is insufficient." Id.

Here, Bell has offered no evidence to show that the pleas were invalid.[3] As Bell failed to satisfy his burden, the trial court was authorized to rely on the guilty pleas at issue for the purpose of sentencing Bell as a recidivist. *Beck*, supra.

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur.*

---

[2] Bell was represented by counsel with regard to the other two guilty pleas.

[3] Although Bell argues that the waiver of counsel documents did not specifically inform him that an attorney could have advised him of the possibility of recidivist punishment for future offenses, we note that the waiver documents in each case informed Bell that an attorney could help him understand the charges against him. We decline to find that a waiver of counsel form or a pro se plea proceeding must affirmatively show that the defendant is aware of all of the specific advice that an attorney can provide with regard to a particular case.

3