# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0615. IN THE INTEREST OF M. F., a child.**

On May 11, 2017, the Juvenile Court of Richmond County adjudicated the Appellant delinquent and issued a disposition order requiring him to serve twelve months on probation. The Appellant appealed the order, contending that the evidence was insufficient to support the juvenile court's judgment.

Instead of addressing the merits of the appeal, however, we dismiss this appeal as moot in view of the fact that, as of the date of this order, the Appellant's twelve-month probationary sentence has expired. "Although [an appellate] court may exercise its discretion to decide a criminal case even after the sentence has been served, it is not bound to do so."[1] We decline to reach the merits of this appeal because the defendant has not shown, on this record, any adverse collateral consequences arising from the juvenile court's adjudication of him as delinquent.[2]

---

[1] *Baker v. State*, 240 Ga. 431, 431-432 (241 SE2d 187) (1978) (citations omitted). Accord *Miller v. State*, 288 Ga. 153, 154 (702 SE2d 137) (2010) (holding that the Appellant's challenge to the revocation of his probation became moot on the day the revocation was suspended).

[2] See *Baker*, 240 Ga. at 432; *Miller*, 288 Ga. at 154 ("While a matter does not become moot if adverse collateral consequences continue to plague the affected party, [the Appellant] has not shown adverse collateral consequences on the record, and we decline to presume them under these circumstances.") (citations omitted).

Consequently, the instant appeal is DISMISSED as MOOT.



Court of Appeals of the State of Georgia
     Clerk's Office, Atlanta,  05/22/2018
     I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
     Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_____ , Clerk.