**FOURTH DIVISION
DOYLE, P. J.,
COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 22, 2019**

# In the Court of Appeals of Georgia

A19A1015. THE STATE v. ATHEY.

COOMER, Judge.

Sabrina Jeanette Athey was charged with one count of felony theft by shoplifting. As elements of the felony shoplifting charge, the accusation listed five prior offenses of theft by shoplifting. Athey challenged the State's ability to use her prior offenses, alleging that she had not been represented by counsel for the prior convictions and she had not knowingly and intelligently waived her right to counsel. After a hearing, the trial court ordered that the accusation be quashed. The State appeals, contending that the trial court erred by failing to give proper consideration to the presumption of regularity, by not following the correct case law, and by allowing Athey's testimony to outweigh the presumption of regularity. For the reasons that follow, we affirm.

On April 25, 2018, Athey was charged with one count of felony theft by shoplifting (OCGA § 16-8-14). Specifically, the accusation stated that Athey "did unlawfully take possession of a bracelet, merchandise being the property of Belk, a store, with a value of less than $500, with the intent to appropriate said property to her own use without paying said owner for said property; and said accused, prior to committing the above-charged offense, had been convicted of" five prior offenses of theft by shoplifting.

Under OCGA § 16-8-14 (a) (1), a "person commits the offense of theft by shoplifting when such person . . . with the intent of appropriating merchandise to his or her own use without paying for the same . . . takes possession of the goods or merchandise of any store[.] OCGA § 16-8-14 (b) (1) (C) provides as follows:

> Upon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld.

Athey challenged the accusation, contending that she had not been represented by counsel in any of the shoplifting convictions relied upon for the felony shoplifting

charge and that she did not knowingly and intelligently waive her right to counsel. At a hearing, Athey testified that she had a ninth grade education; that in her prior shoplifting convictions, she did not have an attorney representing her; and that she was using drugs at the time of her prior shoplifting convictions. She further testified that she did not remember being advised that her misdemeanor convictions could be used in aggravation of any sentence she might receive and that no one advised her that there is a mandatory minimum on shoplifting cases if she accumulated a certain number of convictions. Athey acknowledged signing forms for each of the prior convictions waiving her right to be represented by an attorney, and, for one of the convictions, Athey testified that a judge advised her of her rights. However, she testified that she did not read the waiver forms when she signed them, and that she signed them "just to get it over with." Athey further testified that she did not know what she was doing when she signed the waiver forms. After hearing Athey's testimony and argument by both parties, the trial court ruled that Athey's prior shoplifting offenses could not be used to enhance the shoplifting charge to a felony.

The State filed a motion for reconsideration asking the trial court to reconsider its ruling on whether Athey's prior shoplifting offenses could be used in aggravation. With the motion for reconsideration, the State submitted copies of the four

3

convictions at issue. Athey filed a response motion in opposition to the State's motion for reconsideration and the re-opening of evidence. After considering the parties' supplemental material, the trial court found that Athey's previous uncounseled convictions could not be used to enhance the misdemeanor offense of shoplifting to felony shoplifting and ordered that the accusation be quashed.

The State contends that the trial court erred by failing to give proper consideration to the presumption of regularity, by not following the correct case law, and by giving too much weight to Athey's testimony. We disagree.

For a felony shoplifting offense,

> the State bears the burden of showing both the existence of the prior guilty pleas and that the defendant was represented by counsel when [she] entered the pleas. If the defendant was not represented by counsel, the State can meet its burden by showing that the defendant waived this right. The State can do this by introducing a transcript of the plea hearing, a docket entry or another document affirmatively showing that the right to counsel was waived. Once the State has shown that the defendant either was represented by counsel or waived the right to representation, a "presumption of regularity" attaches to the plea proceedings and the burden shifts to the defendant to show any alleged irregularities.

4

*Beck v. State*, 283 Ga. 352, 353-354 (2) (658 SE2d 577) (2008) (citations omitted).

See also *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999); *Simmons v. State*, 278 Ga. App. 372, 375 (2) (d) (629 SE2d 86) (2006).

> Defendant can attempt to meet [her] burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. A silent record or the mere naked assertion by an accused that [her] prior counseled plea was not made knowingly and intelligently is insufficient. If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the State.

*Nash*, 271 Ga. at 285 (citations and punctuation omitted).

> The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived [her] right to trial by jury, [her] privilege against self incrimination, and [her] right to confront [her] accusers. If the State introduces anything less than a "perfect" transcript, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin*[1] rights.

---

[1] *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). "The United States Supreme Court held in *Boykin* that several federal constitutional rights

5

*Id.* (citation and punctuation omitted).

Here, the State introduced evidence that Athey had signed waivers of her right to counsel in each of the prior convictions. By doing so, the State met its burden of showing that the right to counsel was waived. See *Beck*, 283 Ga. at 353-354 (2).[2] The presumption of regularity therefore attached, and the burden shifted to Athey to show any alleged irregularities. See *Nash*, 271 Ga. at 285.

At the hearing, Athey presented evidence that her prior guilty pleas had not been entered into knowingly and voluntarily. She testified about her limited education and her drug use, and that she did not read the forms for the prior convictions waiving her right to be represented by an attorney or understand what they meant. Because Athey presented evidence that her guilty pleas were not knowing and voluntary, the burden of proving the constitutionality of the plea shifted to the State. See *Nash*, 271 Ga. at 285.

---

are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. These rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers." *Foster v. State*, 319 Ga. App. 815, 816 (2) (738 SE2d 651) (2013) (citations and punctuation omitted).

[2] The State appears to argue that the trial court did not properly consider *Beck*. However, the State called the trial court's attention to *Beck* both at the hearing on the demurrer and in its brief in support of its motion for reconsideration, , and we have no reason to conclude that the trial court did not properly consider *Beck*.

6

The State would have met its burden of proof if it had introduced a "perfect" transcript of the taking of the guilty plea. See *Nash*, 271 Ga. at 285. The State did not do so. Nor did the State present any other evidence. Consequently, the trial court had the responsibility to weigh the evidence submitted by Athey and by the State to determine whether the State met its burden of proving that Athey's prior guilty pleas were informed and voluntary, and made with an articulated waiver of the three *Boykin* rights. *Id.* The State argues that Athey's testimony was biased and vague and was insufficient to overcome the presumption of regularity. However, this argument goes to the credibility of the witness and the weight to be given to her testimony, which are matters within the purview of the trial court. See *Branch v. State*, 182 Ga. App. 818, 819 (1) (357 SE2d 136) (1987) (where judge sits as trier of fact, "credibility and weight, and the resolution of conflicts within the testimony of a witness, are matters to be determined by the judge." (citation omitted)). Thus, the trial court was authorized find that Athey's prior guilty pleas were not informed and voluntary. Accordingly, the trial court did not err in finding that Athey's previous uncounseled convictions could not be used to enhance the misdemeanor offense of shoplifting to that of felony shoplifting and quashing the accusation.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*