**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT. ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

**November 12, 2020**

# In the Court of Appeals of Georgia

A20A1586. WOOTEN v. THE STATE.

MCFADDEN, Chief Judge.

After a jury trial, Alphonso Wooten was convicted of armed robbery and aggravated assault. The trial court merged the aggravated assault charge into the armed robbery charge and sentenced Wooten as a recidivist to life in prison without the possibility of parole. Wooten appeals, arguing that he did not validly waive his right to counsel when he elected to represent himself midway through the jury trial; that the prosecuting attorney improperly vouched for the credibility of the victim in his closing argument; and that Wooten was improperly sentenced as a recidivist.

We hold that the record shows that Wooten knowingly and intelligently chose to represent himself and to waive his right to counsel; that Wooten did not preserve

any alleged error in the prosecuting attorney's closing argument; and that the trial court did not err in sentencing Wooten as a recidivist. So we affirm.

1. *Waiver of right to counsel*.

Wooten argues that he did not knowingly and intelligently waive his right to counsel because the trial court failed to adequately inform him of the dangers of self-representation. See generally *Haynes v. State*, __ Ga. App. __, __ (1) (__ SE2d __) (Case No. A20A1347, decided Sept. 10, 2020). We disagree.

"[W]hen a defendant challenges an alleged waiver [of the right to counsel] on appeal, it is the [s]tate's burden to prove that the defendant received sufficient information and guidance from the trial court upon which to knowingly and intelligently relinquish this right. This evidence must overcome the presumption against waiver." *Hamilton v. State*, 233 Ga. App. 463, 467 (1) (b) (504 SE2d 236) (1998) (citations omitted). The state met its burden here.

The record shows that the trial began on March 2, 2010. The state presented the testimony of three witnesses, and then the court adjourned for lunch. When the trial resumed after the lunch break, defense counsel informed the court that Wooten had decided to represent himself. The trial court questioned Wooten, advised him of the dangers of self-representation, and then relieved appointed counsel of his duties.

2

Appointed counsel, too, had advised Wooten of the consequences of self-representation, warning him that if he insisted on representing himself, he almost certainly would end up with a life sentence.

"Under *Faretta* [*v. California*, 422 U. S. 806 (95 SCt 2525, 45 LE2d 562) (1975),] the trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will establish that he knows what he is doing and his choice is made with eyes open." *State v. Evans*, 285 Ga. 67, 68 (673 SE2d 243) (2009) (citation and punctuation omitted). Wooten argues that the trial court did not adequately warn him of the dangers of self-representation because the court's warning was not tailored to the specific dangers inherent in his case. But the trial court is not required to "probe the defendant's case and advise the defendant as to legal strategies to ensure that a waiver is intelligently made." *Evans*, 285 Ga. at 69. Instead, "the record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver." Id. at 68 (citation and punctuation omitted).

Here, the record shows that the trial court thoroughly advised Wooten. Among other things, the trial court warned Wooten that self-representation is almost always unwise; that he might defend himself to his own detriment and get convicted; that he

would be entitled to no special treatment simply because he was representing himself; that he would have to "follow all the technical rules of substantive law, criminal procedure, and evidence in the making of motions, objections, and the presentation of evidence, and in all other respects with regard to [the] trial"; that he would have to abide by the same rules that lawyers learned over years; that he would be assuming full responsibility for his defense; that he might miss important defenses because he lacked knowledge of the law; that he would lose the benefit of an attorney's independent perspective in analyzing, reviewing, and presenting the case in the most effective way; that he might not be able to present the case in a manner to obtain the most favorable sentence should he be found guilty; that since he was incarcerated, without an attorney his access to the district attorney would be reduced, making it less likely that he and the district attorney would work out a favorable disposition; that the prosecution was represented by a skilled, experienced attorney who would not go easier on him just because he represented himself; that he would receive no special treatment or assistance from the court; that the court could terminate his self-representation should he behave in a disruptive manner; that he could not claim his own incompetent self-representation as a basis of appeal; that the trial would not be delayed simply because he wanted to terminate his attorney and proceed pro se; and

4

that he had the right to a lawyer. The court asked Wooten about his age, education, reading ability, and writing ability; whether he had any mental health issues that could affect his self-representation; whether he had used any drugs that could affect his ability to understand the proceedings; and about his prior experience being represented by an attorney. The court asked whether Wooten had been threatened or promised anything to release his attorney and, explicitly, whether he waived his right to have a lawyer represent him.

"We find no error in the trial court's determination that [Wooten] waived his right to appointed counsel and that he voluntarily and intelligently elected to proceed pro se after being fully apprised of the possible consequences." *Staples v. State*, 209 Ga. App. 802, 804 (3) (434 SE2d 757) (1993). See also *Kelly v. State*, 344 Ga. App. 433, 435-437 (810 SE2d 197) (2018) (colloquy similar to that here demonstrated that defendant knowingly and voluntarily waived his right to counsel after being warned of the dangers of self-representation).

2. *Closing argument*.

Wooten argues that the prosecuting attorney improperly vouched for the victim's credibility when, in closing argument, he allegedly stated that her testimony was believable. Wooten, "however, did not raise that specific objection in the trial

5

court. To preserve a specific point for appellate review, an objection based on that specific ground must be made in the trial court. Therefore, having failed to raise the objection below, [Wooten] has waived it for the purpose of appeal." *Bills v. State*, 283 Ga. App. 660, 664 (3) (642 SE2d 352) (2007). Accord *Miller v. State*, 275 Ga. 730, 739-40 (7) (571 SE2d 788) (2002). And plain error review is not "available for errors relating to alleged improper remarks being made during closing argument[.]" *Gates v. State*, 298 Ga. 324, 329 (4) (781 SE2d 772) (2016).

3. *Sentencing.*

Wooten argues that the trial court erred by sentencing him as a recidivist because the record showed that one of his three predicate felony convictions was uncounseled. We disagree.

When the state seeks recidivist punishment because of prior felony convictions entered on guilty pleas, "the burden is on the [s]tate to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted[,]" *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999), or

> that the defendant had waived his right to counsel. The [s]tate can do this by introducing a transcript of the plea hearing, a docket entry or

another document affirmatively showing that the right to counsel was waived. When the [s]tate is able to show that the defendant waived his right to counsel, a presumption of regularity attaches to the plea proceedings and the burden then shifts to the defendant to show any irregularities in the proceedings.

*Bell v. State*, 328 Ga. App. 813 (762 SE2d 827) (2014) (citations and punctuation omitted). To meet his burden, the defendant must

produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient. If the defendant is able to present evidence that a constitutional infirmity exists, then the burden of proving the constitutionality of the plea shifts to the [s]tate. The [s]tate will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the [s]tate introduces anything less than a "perfect" transcript, the judge then must weigh the evidence submitted by the defendant and by the [s]tate to determine whether the [s]tate has met its burden of [proof].

7

*Nash*, 271 Ga. at 285 (citations and punctuation omitted).

Wooten specifically challenges his 1997 Toombs County judgment of conviction entered on a negotiated guilty plea to two counts of aggravated assault upon a peace officer. To prove this conviction, the state introduced a certified copy of the judgment of conviction. The form sentencing sheet for this conviction has the notation "Attorney Waived" handwritten in the section stating that "The defendant was represented by the Honorable _____ Attorney at Law _____ county by (Employment) (Appointment)." At the motion for new trial hearing, when asked if he had ever represented himself before the instant trial, Wooten responded, "No." When he was specifically asked about his Toombs County convictions, Wooten testified that he had engaged paid counsel but that counsel failed to appear when the case was called for trial, so he "went on ahead and took a plea [him]self. [He] didn't represent [him]self." In the order denying Wooten's motion for new trial, the trial court held "that any inconsistencies that existed with certified copies of Defendant's convictions have now been resolved, and the Court hereby resentences Defendant to life in prison without parole."

"[T]he trial court had the responsibility to weigh the evidence submitted by [Wooten] and by the [s]tate to determine whether the [s]tate met its burden of proving

8

that [Wooten's] prior guilty plea[ was] informed and voluntary, and made with an articulated waiver of the three *Boykin* rights." *State v. Athey*, 352 Ga. App. 419, 422 (834 SE2d 913) (2019) (applying *Nash*, supra, to determine as elements of a felony shoplifting charge the validity of prior guilty pleas to theft by shoplifting). Wooten's credibility and the weight to be given his testimony were "matters within the purview of the trial court." Id. (citation and punctuation omitted). Wooten has not shown that the trial court erred in finding that Wooten's Toombs County judgment of conviction could be used for the purposes of recidivist punishment.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.